MITCHELL SILBERBERG & KNUPP LLP
SETH E. PIERCE (186576), sep@msk.com
STEPHEN A. ROSSI (282205), sar@msk.com
NICK BALTAXE (329751), ngb@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for DREAMWORKS ANIMATION
L.L.C. and NBC UNIVERSAL DIGITAL
SOLUTIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES,<br><br>Plaintiffs,<br><br>v.<br><br>DREAMWORKS ANIMATION LLC; NBC UNIVERSAL DIGITAL SOLUTIONS LLC; ENTERTAINMENT PARTNERS ENTERPRISES, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:26-cv-8081<br><br>**DEFENDANTS DREAMWORKS ANIMATION L.L.C. AND NBC UNIVERSAL DIGITAL SOLUTIONS LLC'S NOTICE OF REMOVAL**<br><br>(Federal Question Jurisdiction 28 U.S.C. §§ 1331, 1441)<br><br>(Removed from LASC Case No. 26STCV12065)<br><br>[Declarations of Stephen Rossi and Jen Yip; Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1; Notice of Related Case; and Civil Cover Sheet filed concurrently herewith] |

Mitchell
Silberberg &
Knupp LLP

**NOTICE OF REMOVAL**

21704267.3

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS NIGEL BROAD, ERIC ROTH, SHELBY PEAKE, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on this date, based on the allegations of Plaintiffs Nigel Broad, Eric Roth, and Shelby Peake's ("Plaintiffs") Complaint, Defendant DreamWorks Animation L.L.C. ("DreamWorks"), consented to and joined by NBC Universal Digital Solutions LLC ("NBC Universal") (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California Western Division pursuant to 28 U.S.C. Sections 1331, 1441, and 1446.  The removal of this action is proper for the reasons set forth below:

### Federal Question Jurisdiction

1.  Jurisdiction:  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, as it is an action arising under federal law.  Specifically, as set forth in more detail below, this action is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 141 et seq., because Plaintiffs' claims arise from or require the interpretation of one or more collective bargaining agreements ("CBAs") governing the terms and conditions of Plaintiffs' employment.  This action therefore may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(a) and (c).

2.  On or about April 15, 2026, Plaintiffs filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled, *Nigel Broad, et al., individually and on behalf of others, v. DreamWorks Animation LLC, et al.*, Case No. 26STCV12065 (the "State Court Action").

Mitchell
Silberberg &
Knupp LLP

2
**NOTICE OF REMOVAL**

21704267.3

3. Plaintiffs' Complaint alleges it is a class action seeking damages on behalf of a class of employees.

4. <u>Copies of all Process, Pleadings and Orders</u>:  Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, order, and other papers or exhibits of every kind served upon and/or available to Defendants are attached to this Notice of Removal, as follows:

- **Exhibit 1**:  Complaint filed on April 15, 2026 by Plaintiffs Nigel Broad, Eric Roth, and Shelby Peake ("Plaintiffs") in the case entitled, *Nigel Broad, et al., individually and on behalf of others, v. DreamWorks Animation LLC, et al.*, in the Superior Court of the State of California, County of Los Angeles, Case No. 26STCV12065.  This document was served on Defendants via notice and acknowledgement of receipt on June 22, 2026.

- **Exhibit 2:**  Summons against Defendants filed by Plaintiffs in the State Court Action on April 15, 2026.

- **Exhibit 3:** Civil Cover Sheet filed by Plaintiffs in the State Court Action on April 15, 2026.

- **Exhibit 4:** All other documents filed by Plaintiffs in the State Court Action on April 15, 2026, as follows: (a) Notice of Case Assignment – Unlimited Civil Case; (b) Voluntary Efficient Litigation Stipulations; (c) Alternative Dispute Resolution ("ADR") Information Packet; and (d) First Amended General Order.

- **Exhibit 5:**  Peremptory Challenge to Judicial Officer filed by Plaintiff on April 21, 2026.

- **Exhibit 6:**  Court Order Regarding Case Reassignment, filed by the Court on April 28, 2026.

- **Exhibit 7:** Court Order Scheduling Initial Status conference, filed by the Court on April 28, 2026.

- **Exhibit 8:** Initial Status Conference Order, filed by the Court on April 28, 2026.

- **Exhibit 9:** Clerks Certificate of Service by Electronic Service, filed by the Court on April 28, 2026.

- **Exhibit 10:** Clerks Certificate of Service by Electronic Service, filed by the Court on April 28, 2026.

- **Exhibit 11:** Notices and Acknowledgment of Receipt signed by Defendants in the State Court Action on June 22, 2026.

- **Exhibit 12:** Defendants' Answer to Plaintiffs' Complaint, filed by Defendants on July 21, 2026.

- **Exhibit 13:** Defendant Entertainment Partners Enterprises, LLC's Answer to Plaintiffs' Complaint, filed by Defendant Entertainment Partners Enterprises, LLC on July 22, 2026.

*See* Declaration of Stephen A. Rossi ("Rossi Decl.") ¶¶ 3-15, Exs. 1-13.

5. Defendants were served with the Summons and Complaint on June 22, 2026. Defendants are informed and believe, and thereon allege, that no "Doe" defendants have been identified, substituted and served with a Summons or the Complaint. *Id.,* ¶ 16.

6. Defendant Entertainment Partners Enterprises, LLC consents to this Notice of Removal. *Id.*, ¶ 17. Accordingly, all named and served Defendants have consented to and joined in this Notice of Removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [to satisfy requirement that all served defendants join removal.]"). Accordingly, this action may be removed to federal court pursuant to 28 U.S.C. Section 1441.

## **Removal is Timely**

7. This Notice of Removal is being filed within thirty (30) days after Defendants' acceptance of service of the Complaint (June 22, 2026) and, therefore, is timely pursuant to 28 U.S.C. Section 1446(b). *See Murphy Bros. v. Michetti Pipe*

Mitchell
Silberberg &
Knupp LLP

4

NOTICE OF REMOVAL

21704267.3

*Stringing, Inc.,* 526 U.S. 344, 347–48 (1999); *Harper v. Little Caesar Enterprises, Inc.,* 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018).

**Preemption by the Labor Management Relations Act**

8.      Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

9.      As applied, Section 301(a) wholly preempts any and all purported state law causes of action by an employee concerning a dispute over the employee's terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010 (9th Cir. 2000); *Firestone v. S. Cal. Gas Co.*, 281 F. 3d 801, 802 (9th Cir. 2002) ("a state law claim is preempted [by Section 301] if it necessarily requires the court to interpret an existing provision of a collective bargaining agreement ('CBA') that 'can reasonably be said to be relevant to the resolution of the dispute.'[Citation]"); *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988) (even if no federal question appears on the face of the complaint, removal is proper because state action was really a claim for breach of the collective bargaining agreement and thus preempted by Section 301); *Sheeran v. Gen. Elec. Co.*, 593 F.2d 93, 96-97 (9th Cir. 1979) ("Appellants argue . . . that in their complaint they asserted no basis for § 301(a) jurisdiction that they are not claiming a violation of any collective bargaining agreement as a basis for their claims. . . . It is undisputed, however, that the rights

Mitchell
Silberberg &
Knupp LLP

5

**NOTICE OF REMOVAL**

21704267.3

and benefits sought by . . . union employees were the subject of collective bargaining . . . .  We conclude that the action was properly removed.").

10.      Pursuant to the "artful pleading" doctrine, a claim arises under and is governed by Section 301(a) if the nature of the claim depends upon or requires interpretation of a CBA, even if the plaintiff omits reference to the CBA in the plaintiff's lawsuit or purports to base plaintiff's claims on state law.  *Hyles*, 849 F.2d at 1216 (even if no federal question appears on the face of the complaint, removal is proper because "[t]o determine whether section 301 preempts a state tort claim, we do not look to how the complaint is cast. Rather, we inquire whether 'the claim can be resolved only by referring to the terms of the CBA.'"); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("Stallcop's complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive under the 'artful pleading' doctrine.  Under this doctrine, the court may investigate the true nature of the plaintiff's allegations; if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted."); *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir. 1984) ("employees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement. . .  In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law.").

11.      The Ninth Circuit applies the two-step *Burnside* test (named for *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)) to determine whether LMRA preemption applies.  First, the court "ask[s] whether the asserted cause of action involves a right that exists solely as a result of the CBA."  *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1152-53 (9th Cir. 2019).  If it does, preemption applies

**NOTICE OF REMOVAL**

Mitchell
Silberberg &
Knupp LLP

21704267.3

and there is federal jurisdiction over the claim.  If not, the court proceeds to the second step and determines whether the claim nevertheless requires interpreting the "scope, meaning, or application" of the collective bargaining agreement. If that is the case, preemption applies and there is federal jurisdiction over the claim.

**Collective Bargaining Agreement at Issue**

12.     Plaintiffs were employed in various positions with Defendant DreamWorks and allege employment by NBC Digital Solutions Universal LLC, including Effects Artist, Lighter, and Storyboard Artists.  *See* Complaint ¶¶ 8-10. Plaintiff Broad was employed by DreamWorks from January 23, 2023 to July 12, 2023. Declaration of Jen Yip ("Yip Decl.") ¶ 7. Plaintiff Roth was employed by DreamWorks from September 10, 2018 to January 21, 2022.  *Id.*  Plaintiff Peake was employed by DreamWorks from July 5, 2022 through March 1, 2024.  *Id.*

13.     The Animation Guild and Affiliated Optical Electronic and Graphic Arts, Local 839 International Alliance of Theatrical Stage Employees (the "Union" or "IATSE") is a "labor organization" as defined by the LMRA.  At all times relevant to the Complaint, the Union represented Plaintiffs and was the exclusive bargaining representative for those individuals.  *Id.,* ¶ 5.

14.     Plaintiffs seek to represent *only* union employees employed from September 24, 2021 to the present.  *See* Complaint ¶ 4.

15.     At all times relevant to the Complaint, the Animation Guild and Affiliated Optical Electronic and Graphic Arts, Local 839 IATSE CBA effective from August 1, 2021 through July 31, 2024 (the "Agreement") applied to the employment at issue.  Yip Decl., ¶ 5. A true and correct copy of the Agreement is filed herewith as Exhibit A to the declaration of Jen Yip.  The Agreement is a "contract" between a "labor organization" and an "employer" as those terms are defined by the LMRA Section 301(a).

16.   Additionally, the Agreement was renewed for the period August 1, 2024 to July 31, 2027. *Id.,* ¶ 6.   A true and correct copy of the renewed Agreement is filed herewith as Exhibit B to the declaration of Jen Yip

17.   As a matter of federal law, at all times relevant to the Complaint, the Agreement was the exclusive contracts governing the terms and conditions of Plaintiffs' and the alleged putative class members' alleged employment at issue. *See, e.g., Aguilera*, 223 F.3d at 1015; *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987).  Plaintiffs were each hired into a role that was covered by the Agreement and were represented by the Union.

18.   Plaintiffs allege violations of the California Labor Code that are preempted because they arise from or require interpretation of the Agreement. Thus, their claims are preempted by Section 301 of the LMRA.

**First Cause of Action For Alleged Failure to Pay Straight and Overtime Wages**

19.   Plaintiffs allege that Defendants failed to pay them and other class members straight and overtime wages.  *See* Complaint ¶ 31.  Specifically, Plaintiffs allege that they and other class members were not paid all straight and overtime hours due to pre-shift, post-shift, and other off-the-clock work; because Defendants automatically deduct 30 minutes of work time each day; and because Defendants improperly rounded time to the detriment of Plaintiffs and the class members.  *See* Complaint ¶ 32.

20.   Plaintiffs' cause of action for unpaid straight and overtime wages is preempted by Section 301 of the LMRA because that cause of action arises under the Agreement and adjudication of it requires application and interpretation of the Agreement.

21.   First, under California Labor Code Section 514, Section 510's overtime requirements "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage

Mitchell
Silberberg &
Knupp LLP

8

**NOTICE OF REMOVAL**

21704267.3

rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."[1] *See also* 8 Cal. Code Regs. § 11120(3)(J) (Wage Order 12 stating the same).

22.    Under Ninth Circuit law, when Section 514 applies, any claim for overtime is preempted because the right to overtime "exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152. In *Curtis*, the plaintiff claimed his employer failed to pay him overtime for 12 off-duty hours under Labor Code Section 510.  *See Curtis*, *supra* at 1146.  Because Section 514 applied, Section 510's "default definition of overtime and overtime rates" "d[id] not apply" and the plaintiff's "right to overtime exist[ed] solely as a result of the CBA, and therefore [wa]s preempted under § 301."  *Id.* at 1153-54; *see also Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 679-80 (9th Cir. 2020) (same and rejecting challenge to *Curtis*); *Loaiza v. Kinkisharyo Int'l, LLC*, at *4 (C.D. Cal. Oct. 6, 2020) (explaining *Curtis* clarified that application of Section 514 makes overtime claim arise under CBA and rejecting attempts to distinguish *Curtis*); *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *2 (C.D. Cal. Nov. 30, 2017) ("The provisions in the CBAs meet the exceptions articulated in section 514 and the Wage Orders, and state law does not govern Plaintiff's overtime rights. … Therefore, Plaintiff's overtime rights arise exclusively out of the CBAs, and the LMRA preempts Plaintiff's overtime claim.").

23.    When Section 514 applies to an overtime claim, federal question jurisdiction is established based on LMRA preemption. *See Alexander v. Bio-Pac., LLC*, No. 2:23-CV-00139, 2023 WL2573866, at *3–4 (C.D. Cal. Mar. 20, 2023)

---

[1] Under Section 514, the employer and employees can establish their own overtime scheme and are not required to follow the scheme established by law. *See Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 111 (2014) ("When there is a valid collective bargaining agreement, [e]mployees and employers are free to bargain over not only the rate of overtime pay, but also when overtime pay will begin. Moreover, employees and employers are free to bargain over not only the timing of when overtime pay begins within a particular day, but also the timing within a given week."); *see also Flowers v. Los Angeles Cty. Metro. Transportation Auth.*, 243 Cal. App. 4th 66, 85 (2015) ("The MTA is only required to pay a premium for overtime worked as defined in the parties' CBA.").

**NOTICE OF REMOVAL**

Mitchell Silberberg & Knupp LLP

21704267.3

("An overwhelming majority of courts have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs compliant with section 514."); *Correa v. A2 Railla Dev., Inc.*, No. 222CV07128, 2023 WL6783987, at *5–7 (C.D. Cal. Apr. 7, 2023) (noting there were twelve decisions holding *Curtis* establishes preemption, and agreeing that "many post-Curtis decisions have properly applied Curtis's clarified jurisdictional mandate, found subject matter jurisdiction based on §301 preemption, and denied motions to remand."); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410, 2021 WL5999082, at *10 (N.D. Cal. Dec. 20, 2021) (accord).

24. Section 514 applies here and preempts Plaintiffs' claim as it seeks unpaid straight or overtime wages and requires proving a violation of the California Labor Code based on such violation. Plaintiffs' claims rely on days worked when they were employed under the Agreement and the Agreement meets Section 514's requirements.

25. First, the Agreement explicitly provide for the "wage scales, hours of employment, and working conditions" of the Union members. *See* Yip Decl., Ex. A, Article 5(A) ("Weekly Employment"); Article 5(A)(2) ("Sixth and Seventh Days"); Article 5(B) ("Daily Employment"); Page 51 ("Wage Scales"); *see also* Ex. B, Article 5(A) ("Weekly Employment"); Article 5(A)(2) ("Sixth and Seventh Days"); Article 5(B) ("Daily Employment"); Page 63 ("Wage Scales").

26. Second, the wages provided all exceed California's minimum wage by more than 30%. *Id.,* Exs. A-B. For example, during this timeframe, the lowest paid position in the Agreement, newly hired trainees, were guaranteed at least $31.08 per hour. *Id.,* Ex. A, p. 111. From August 1, 2024 through July 31, 2026, the lowest paid position in the Agreement, newly hired trainees, were guaranteed at least $32.97 per hour. *Id.,* Ex. B, p 153. This payment scale went up during the lifetime of the Agreement. *Id.,* Exs. A-B. The minimum wage between 2021 and 2026 ranged from $14.00 per hour and $16.90 per hour. Cal. Labor Code § 1182.12 (b)(1)(F). The lowest pay rates are more than double the pertinent minimum wage.

**NOTICE OF REMOVAL**

Mitchell Silberberg & Knupp LLP

21704267.3

27.     Finally, the Agreement provides premium pay for overtime.  *Id.,* Ex. A, Article 5(A) ("Weekly Employment"); Article 5(A)(2) ("Sixth and Seventh Days"); *see also* Ex. B, Article 5(A) ("Weekly Employment"); Article 5(A)(2) ("Sixth and Seventh Days").

28.     Accordingly, the claim is preempted because it is a claim for breach of the Agreement. *Curtis*, 913 F.3d at 1153-54; *Marquez*, 804 F. App'x at 679-80; s*ee also Gray v. Marathon Petroleum Logistics Servs., LLC*, 2021 WL 129144, at *4 n.7 (C.D. Cal. Jan. 12, 2021) (holding overtime claim preempted under *Curtis* based on application of California Labor Code Section 514); *Taylor v. NBC W., LLC*, 2020 WL 8268197, at *2 (C.D. Cal. Jan. 2, 2020) (same); *Buckner*, 2017 WL 5956678, at *2; *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1202 (C.D. Cal. 2015) (where CBA displaced state law, claim under state law was preempted).

29.     Second, to the extent Plaintiffs dispute whether Section 514 applies, such a dispute would require interpreting the Agreement to determine whether Section 514's requirements are met.  In that case, preemption applies because any claim necessitating the interpretation of a CBA is preempted.  *See Firestone v. S. Cal. Gas Co.,* 219 F.3d 1063, 1066 (9th Cir. 2000) (preemption applied where parties disputed whether CBA's complicated overtime calculation yielded a "premium rate" satisfying Section 514); *McKinley v. Sw. Airlines Co.*, 2015 WL 2431644, at *6 (C.D. Cal. May 19, 2015), *aff'd*, 680 F. App'x 522 (9th Cir. 2017) (preemption applied where CBA had to be interpreted to determine regular rate of pay, which did "not explicitly define" it).

30.     Third, preemption applies because the Agreement must be interpreted to decide Plaintiff's unpaid overtime claim.  Plaintiffs claim their regular rate of pay was calculated incorrectly.  However, whether a non-hourly payment must be factored into the regular rate of pay turns entirely on whether the Agreement obligates the payment to be made.  The Agreement does not include any such payments so evaluating Plaintiffs' claim will require interpreting the Agreement.

Mitchell
Silberberg &
Knupp LLP

11

**NOTICE OF REMOVAL**

21704267.3

31.    *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1046 (9th Cir. 2016) ("Under longstanding labor law principles, the scope and meaning of a collective bargaining agreement is not limited to the text of the agreement.  Instead, 'the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it.'").

32.    Thus, even if Plaintiffs' claims do not satisfy the first step of the *Burnside* test (which they do), the dispute raised by Plaintiffs' claims would still require more than merely referencing the Agreement and will require extensive analysis of the Agreement and potentially extrinsic evidence to determine the parties' intent. That analysis must be conducted by a federal court. *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1411 (9th Cir. 1992) (plaintiff's claim was preempted by Section 301 and was properly removed to federal court because resolution of claim required interpretation of scope of rights under the collective bargaining agreement); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985) ("We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, … or dismissed as pre-empted by federal labor-contract law.").

33.    Accordingly, Plaintiffs' cause of action seeking unpaid wages and unpaid overtime is preempted by Section 301(a) of the LMRA.

**Fourth Cause of Action For Failure to Provide Accurate Wage Statements**

34.    Plaintiffs also seek penalties under Labor Code Section 226(a) because of underpayment of wages to them and other putative class members.  Complaint ¶¶ 109-111.  Plaintiffs specifically state that this claim is derivative of the other causes of action.  Complaint ¶ 49.  Plaintiffs again take issue with the calculation of their wages, which is preempted because their wage claims arise from, and require interpretation of, the Agreement for the reasons noted above.

Mitchell
Silberberg &
Knupp LLP

21704267.3

**Fifth Cause of Action For Failure to Pay All Wages Due and Owing on Separation of Employment**

35.    Plaintiffs seek waiting time penalties under California Labor Code Sections 201-203 because they claim they were not paid all wages due at the time Plaintiffs' employment was terminated due to Defendants' alleged failure to pay all straight and overtime wages. Complaint ¶¶ 113-118.  However, as discussed above, Plaintiffs' alleged entitlement to overtime arises from, and depends on interpretation of, the Agreements.  Accordingly, Plaintiffs' Fifth Cause of Action is derivative of a preempted claim and is thus preempted by Section 301(a) of the LMRA for the reasons noted above. *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) ("Because overtime pay and meal periods claims are preempted, the derivative claims of failure to pay final wages and provide accurate itemized wage statements are also preempted.") (citing *Estrada v. Kaiser Foundation Hospitals*, 678 Fed. Appx. 494, 497 (9th Cir. 2017) (finding that when a claim derives from a preempted claim, the derivative claim also fails)).

36.    Second, like the CBA exceptions for overtime and meal breaks, the California Labor Code provides CBA exceptions to the Labor Code's late penalty provisions that result in preemption under *Curtis*. Specifically, Labor Code Section 201.5 applies to employees hired on motion pictures and commercial advertisements hired on a daily or weekly basis (as was the case with Plaintiffs), and governs payment of their final wages. Under that section, final wages are due "***by the next regular payday***." Section 201.5(b) (emphasis added). The "'[n]ext regular payday' means the day designated by the employer, ***pursuant to Section 204***, for payment of wages earned during the payroll period in which the termination occurs." *Id.* (emphasis added).

37.    Section 204, in turn, sets deadlines for payments of wages but exempts certain CBA-covered employees, stating "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those

13

**NOTICE OF REMOVAL**

21704267.3

Mitchell
Silberberg &
Knupp LLP

arrangements shall apply to the covered employees." Section 201.5 also includes a CBA exemption, stating that "[n]othing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204." Section 201.5 (e).

38.    Accordingly, it is well established that when a CBA includes alternative due dates for final payment of wages, the requirements of Section 204 simply do not apply and late payment claims arise solely from the CBA. *Schwanke v. Minim Prods., Inc.*, No. 221CV00111, 2021 WL 4924772, at *5 (C.D. Cal. May 24, 2021) (collecting cases, holding: "Under the logic of *Curtis*, this carveout allows CBAs to govern pay timing notwithstanding the default rules under the Labor Code. Plaintiff's timely payment claim under section 204 therefore exists solely as a result of the CBA and is preempted by section 301 of the LMRA."); *Landy v. Pettigrew Crewing, Inc.*, No. 219-CV-07474, 2019 WL 6245525, at *3 (C.D. Cal. Nov. 22, 2019) ("[T]he Court finds that § 204(c) operates similarly to the statute discussed in *Curtis*: where a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'"); *Bartlett v. All Am. Asphalt*, 2020 WL 6118818, at *7 (C.D. Cal. Oct. 16, 2020)  ("Where, as here, 'a governing CBA provides for pay arrangements that differ from the statutory default and meets the requirements of a statutory exemption, that particular labor right exists solely as a result of the CBA. Because the Section 204 claims involve rights conferred by the CBA, they are therefore preempted at step one of the preemption analysis, and the Court need not address the second step (whether they require interpretation of the CBA)" (quoting *Landy*); *see also Bradford v. Prof'l Tech. Sec. Servs. Inc. (Protech)*, 2020 WL 2747767, at *4 (N.D. Cal. May 27, 2020) (holding same); *Hall*, 146 F. Supp. 3d at 1202 (holding same).

Mitchell
Silberberg &
Knupp LLP

14
**NOTICE OF REMOVAL**

39. Claims for late payment penalties by employees subject Section 201.5 are also preempted when the CBA provides an alternative final pay schedule. *Schwanke v. Minim Prods., Inc.*, No. 221CV00111, 2021 WL 4924772, at *3-4 (C.D. Cal. May 24, 2021) (holding Section 203 claim was preempted based on Section 201.5 exception); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1200-1202 (C.D. Cal. 2015) (same); *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at *5 (N.D. Cal. Jan. 18, 2022) ("the LMRA preempts the claim for failure to timely pay final wages under Cal. Labor Code §§ 201 through 203 (claim five) because the CBA has different pay arrangements").

40. Here, the Agreement contains an express provision regarding dismissal pay. *See* Yip Decl., Ex. A, Article 14; *Id.,* Ex. B, Article 14. It contains detailed provisions regarding when dismissal pay is due, when it applies, and how much is due. Accordingly, preemption applies to the claim for failure to pay all wages due at separation.

41. Third, whether or not Plaintiffs would be entitled to dismissal pay, arises from, and depends on interpretation of, the Agreement.

42. Accordingly, Plaintiffs' cause of action seeking waiting time penalties is preempted by Section 301(a) of the LMRA.

**Eleventh Cause of Action For Failure to Provide Notice of Paid Sick Time and Accrual**

43. Plaintiffs also allege that Defendants failed to provide notice of paid sick time and accrual in violation of Labor Code Section 246. Complaint ¶ 73.

44. Under California Labor Code Section 245.5, sick pay rules do not apply if the Agreement provides for sick pay and 130% of the applicable minimum wage.

45. The Agreement meets both requirements. First, the Agreement contains provisions providing for sick pay. Yip Decl., Ex. A, Article 7; *see also* Ex.

B., Article 7.  Further, as discussed above, the Agreement provides for at least 130% of the applicable minimum wage.

46.　　Accordingly, Plaintiffs' cause of action for failure to provide notice of paid sick time and accrual is preempted by Section 301(a) of the LMRA for the reasons noted above.

## **Supplemental Jurisdiction**

47.　　To the extent that anything alleged in the Complaint is not preempted by the LMRA and removable, any non-preempted cause of action falls within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.  Any such non-preempted cause of action in the Complaint arises out of the same common nucleus of operative facts as the preempted causes of action and would normally be tried in one case.  *See* 28 U.S.C. § 1367; *see also Bale v. General Tel. Co.,* 795 F.2d 775, 778 (9th Cir. 1986) (all claims that arose from the same alleged representations made at the time of hiring "fall within the scope of pendent jurisdiction").  Indeed, all of Plaintiffs' causes of action arise solely from the alleged employment at issue and the terms and conditions they were subjected to. *See generally* Complaint.

48.　　Moreover, considerations of judicial economy, convenience and fairness to the litigants require that all of the causes of action alleged in the Complaint be tried in one forum.  *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims….The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.") (internal citations omitted).

49.　　Notably, even if supplemental jurisdiction did not exist, removal is still proper because any non-preempted cause of action may properly be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(c), in that any such

**NOTICE OF REMOVAL**

Mitchell
Silberberg &
Knupp LLP

21704267.3

cause of action has been joined with claims which would have been removable if sued upon alone.

## Venue

50.   Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles and this U.S. District Court for the Central District of California Western Division is the U.S. District Court for the district and division within which this action is pending.

51.   A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

52.   WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of the State of California for the County of Los Angeles, to the above-entitled Court.

DATED: July 22, 2026

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: _____
Seth E. Pierce
Stephen A. Rossi
Nick Baltaxe
Attorneys for DREAMWORKS
ANIMATION L.L.C. and NBC
UNIVERSAL DIGITAL SOLUTIONS
LLC

Mitchell
Silberberg &
Knupp LLP

17

**NOTICE OF REMOVAL**

21704267.3

# EXHIBIT 1

Haig B. Kazandjian, Esq. Bar No. 278622
haig@hbklawyers.com
Cathy Gonzalez, Esq. Bar No. 310625
cathy@hbklawyers.com
HAIG B. KAZANDJIAN LAWYERS, APC
801 North Brand Boulevard, Suite 1015
Glendale, California 91203
Telephone: 1-818-696-2306

Attorneys for PLAINTIFFS NIGEL BROAD,
ERIC ROTH and SHELBY PEAKE individually,
and on behalf of similarly situated UNION EMPLOYEES

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/15/2026 10:20 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Radillo, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES;

PLAINTIFFS,

vs.

DREAMWORKS ANIMATION LLC; NBC UNIVERSAL DIGITAL SOLUTIONS LLC; ENTERTAINMENT PARTNERS ENTERPRISES, LLC; and DOES 1 through 50, inclusive,

DEFENDANTS.

Case No.  26STCV12065

**CLASS ACTION COMPLAINT FOR DAMAGES**

1. **FAILURE TO PAY STRAIGHT AND OVERTIME WAGES;**
2. **FAILURE TO PAY MINIMUM WAGES;**
3. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE §§ 226.7 AND 512;**
4. **FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS IN VIOLATION OF LABOR CODES § 226 AND I.W.C. WAGE ORDERS;**
5. **FAILURE TO PAY WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE §§ 201, 202, AND 203;**
6. **FAILURE TO TIMELY PAY EARNED WAGES IN VIOLATION OF LABOR CODES §§ 204 AND 210;**
7. **FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE § 226.7 AND I.W.C. WAGE ORDERS;**
8. **FAILURE TO REIMBURSE BUSINESS EXPENSES IN VIOLATION OF LABOR CODE §§**

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

1
COMPLAINT FOR DAMAGES

2800 AND 2802;
9. **FAILURE TO PAY REPORTING TIME PAY IN VIOLATION OF I.W.C. WAGE ORDERS;**
10. **FAILURE TO PAY SPLIT SHIFT WAGES IN VIOLATION OF I.W.C. WAGE ORDERS;**
11. **FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL IN VIOLATION OF LABOR CODE § 246; and**
12. **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*; and**

**DEMAND FOR JURY TRIAL**

PLAINTIFFS NIGEL BROAD, ERIC ROTH and SHELBY PEAKE ("REPRESENTATIVE PLAINTIFFS" or "PLAINTIFFS") individually, and on behalf of similarly situated UNION EMPLOYEES, allege as follows:

**INTRODUCTION**

1. This is Class Action, pursuant to California Code of Civil Procedure § 382 on behalf of PLAINTIFFS and all other non-exempt current and former UNION EMPLOYEES employed by DREAMWORKS ANIMATION LLC, NBCUNIVERSAL DIGITAL SOLUTIONS LLC, ENTERTAINMENT PARTNERS ENTERPRISES, LLC and DOES 1-50 (collectively "DEFENDANTS"). DEFENDANTS were joint employers of PLAINTIFFS in that they were operating as joint enterprises and both suffered and permitted PLAINTIFFS to work for each of them; controlled PLAINTIFFS' hours and working conditions; controlled PLAINTIFFS' wages; made the decision to hire PLAINTIFFS and had control of termination of PLAINTIFFS' employment and therefore jointly employed PLAINTIFFS.

2. This is a civil action seeking recovery for DEFENDANTS' violations of California Labor Code ("Labor Code") including, but not limited to, § 1194, *et seq.*, § 1197, § 200, *et seq.*, Labor Code § 500, *et seq.*, California Business and Professions Code ("B&PC") §

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

17000, *et seq.* and § 17200, *et seq.*, the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

3.    PLAINTIFFS' action seeks monetary damages, including, but not limited to, full restitution from DEFENDANTS as a result of DEFENDANTS' unlawful, fraudulent and/or unfair business practices. The acts complained of herein occurred, occur and will occur, at least in part, within the time period of September 24, 2021 through the date of judgment.

<strong><u>RELEVANT EMPLOYEES</u></strong>

4.    The relevant UNION EMPLOYEES are DEFENDANTS' current and former UNION EMPLOYEES, who were or are employed in California, who were or are paid on an hourly non-exempt basis for the time period of September 24, 2021 through the date of judgment.

5.    The obligations and responsibilities of DEFENDANTS' current and former non-exempt, hourly paid UNION EMPLOYEES employed in California by DEFENDANTS are virtually identical from location to location and employee to employee.

6.    Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

<strong><u>SUMMARY OF CLAIMS</u></strong>

7.    With regard to DEFENDANTS' California based non-exempt, hourly paid current and former UNION EMPLOYEES, DEFENDANTS have established a time keeping policy which does not compensate said UNION EMPLOYEES for the time they actually worked. As a result, DEFENDANTS have failed to pay for all wages due including overtime wages for all hours worked and failed to pay the required minimum wage for all hours worked. Further, DEFENDANTS have failed to provide timely uninterrupted 30-minute meal periods or to pay a premium payment in lieu thereof; failed to provide paid rest breaks or to pay a premium payment in lieu thereof; failed to timely furnish accurate itemized wage statements; failed to reimburse for business expenses; violated Labor Code § 203; failed to timely pay earned wages; failed to

HAIG B. KAZANDJIAN LAWYERS, APC<br>801 N. Brand Blvd., Suite 1015<br>Glendale, CA 91203<br>Tel: (818)696-2306  Fax: (818)696-2307

pay reporting time pay; failed to pay split shift wages; failed to provide notice of paid sick time and accrual; conducted unfair business practices; and individually caused Labor Code violations.

### PARTIES

8. REPRESENTATIVE PLAINTIFF NIGEL BROAD was hired by DEFENDANTS on or about January 23, 2023, and he worked for DEFENDANTS up until on or about July 12, 2023.

9. REPRESENTATIVE PLAINTIFF ERIC ROTH was hired by DEFENDANTS on or about September 10, 2018, and he worked for DEFENDANTS up until on or about January 21, 2022.

10. REPRESENTATIVE PLAINTIFF SHELBY PEAKE was hired by DEFENDANTS on or about July 5, 2022, and she worked for DEFENDANTS up until on or about March 1, 2024.

11. REPRESENTATIVE PLAINTIFFS are informed and believe, and based on such information and belief, allege that all times mentioned herein, DEFENDANT DREAMWORKS ANIMATION LLC is a Delaware Limited Liability Company who operates as a high-quality animation and storytelling company delivering innovative films and television series.

12. REPRESENTATIVE PLAINTIFFS are informed and believe, and based on such information and belief, allege that all times mentioned herein, NBC UNIVERSAL DIGITAL SOLUTIONS LLC is a Delaware Limited Liability Company who operates as a high-quality animation and storytelling company delivering innovative films and television series.

13. REPRESENTATIVE PLAINTIFFS are informed and believe, and based on such information and belief, allege that all times mentioned herein, ENTERTAINMENT PARTNERS ENTERPRISES LLC is a Delaware Limited Liability Company who operates as a payroll and management company.

14. Based on the aforementioned, REPRESENTATIVE PLAINTIFFS are informed and believe, and based on such information and belief, that DEFENDANTS are licensed to do

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

4
COMPLAINT FOR DAMAGES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

business and are actually doing business in the State of California. Thus, DEFENDANTS are subject to the applicable California laws as alleged throughout this Complaint.

15.     At all relevant times, DEFENDANTS were employers whose UNION EMPLOYEES are engaged throughout the State of California and were the employer of PLAINTIFFS within the meaning of all applicable California state laws and statutes.

16.     REPRESENTATIVE PLAINTIFFS are unaware of the true names and capacities, whether corporate, individual, or otherwise, of DEFENDANTS named as DOES 1 though 50 inclusive. Pursuant to California Code of Civil Procedure section 474, REPRESENTATIVE PLAINTIFFS will seek leave of court to amend this Complaint to state said DEFENDANTS' true names and capacities when the same have been ascertained. REPRESENTATIVE PLAINTIFFS are informed and believe, and based on such information and belief, allege that said fictitiously named DEFENDANTS are responsible in some manner for the injuries and damages to REPRESENTATIVE PLAINTIFFS as further alleged herein. DEFENDANTS were joint employers of PLAINTIFFS in that they were operating as joint enterprises and each suffered and permitted PLAINTIFFS to work for each of them; controlled PLAINTIFFS' hours and working conditions; controlled PLAINTIFFS' wages; DEFENDANTS made the decision to hire PLAINTIFFS and had control of PLAINTIFFS' employment and therefore jointly employed REPRESENTATIVE PLAINTIFFS.

17.     REPRESENTATIVE PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned, DEFENDANTS ratified each and every act or omission complained of herein.

18.     DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

19.     DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were, the agents, servants, and/or employees of some or all other DEFENDANTS, and vice versa, and in doing the things alleged in this Complaint, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control

of DEFENDANTS, and each of them.

20.    DEFENDANTS are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

21.    DEFENDANTS, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and/or common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, and/or common enterprise.

22.    DEFENDANTS, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other DEFENDANTS in proximately causing the complaints, injuries, and/or damages alleged in this Complaint. DEFENDANTS, and each of them, at all times mentioned in this Complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

23.    DEFENDANTS, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other DEFENDANTS, thereby proximately causing the damages alleged in this Complaint.

## VENUE AND JURISDICTION

24.    Venue is proper under California Code of Civil Procedure section 395 and under California Government Code section 12965(b), in that PLAINTIFFS' injuries were incurred within the County of Los Angeles, the actions giving rise to REPRESENTATIVE PLAINTIFFS' Complaint arose within the County of Los Angeles, and DEFENDANTS are located in the County of Los Angeles and/or doing business in the County of Los Angeles.

25.    Further, this Class Action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by PLAINTIFFS exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

26.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all other causes"

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

27.　This Court has jurisdiction over DEFENDANTS because, upon information and belief, DEFENDANTS are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

28.　Venue is proper in this Court because, upon information and belief, DEFENDANTS maintain offices, have agents, and/or transact business in the State of California, County of Los Angeles. The majority of the acts and omissions alleged herein relating to the other class members took place in the State of California, including the County of Los Angeles, which has the highest concentration of DEFENDANTS' offices, and therefore percipient witnesses, in the State of California.

29.　The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the classes herein are under the seventy-five thousand ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under the five million ($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA"). Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, and Business & Profession Code.

## **GENERAL ALLEGATIONS**

30.　CCP § 382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

31.　PLAINTIFFS brings this suit as a Class Action pursuant to CCP § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by DEFENDANTS. This is a Class Action Complaint, on behalf of PLAINTIFFS and all other similarly situated UNION EMPLOYEES, who worked for DEFENDANTS in California from the earliest period in the applicable statute of limitations through judgment, as non-exempt, hourly UNION

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306　Fax: (818)696-2307

7
COMPLAINT FOR DAMAGES

EMPLOYEES for: (i) failure to pay straight and overtime wages in violation of Labor Code sections 223, 510, 1194, and 1199; (ii) failure to pay minimum wages; (iii) failure to provide meal periods in violation of Labor Code sections 226.7 and 512; (iv) failure to provide accurate and itemized wage statements in violation of Labor Code section 226 and IWC Orders; (v) failure to pay waiting time penalties in violation of Labor Code section 203; (vi) failure to timely pay earned wages in violation of Labor Code sections 204 and 210; (vii) failure to provide rest breaks in violation of Labor Code section 226/7 and IWC Wage Orders; (viii) failure to reimburse business expenses in violation of Labor Code sections 2800 and 2802; (ix) failure to pay reporting time pay in violation of IWC Wage Orders; (x) failure to pay split shift wages in violation of IWC Wage Orders; (xi) failure to provide notice of paid sick time and accrual in violation of Labor Code section 246; and (xii) unlawful business practices in violation of Bus. & Prof. Code section 17200, *et seq*.

32.    From at least September 24, 2021 through to the present, DEFENDANTS have had a consistent policy of failing to pay for all straight and overtime hours worked by the DEFENDANTS' non-exempt, hourly California UNION EMPLOYEES in violation of California law, including, but not limited to, due to pre-shift, post-shift, and other off-the-clock work. DEFENDANTS have also automatically deducted 30 minutes of work time each day from REPRESENTATIVE PLAINTIFFS' and the putative class members' pay each day. Additionally, DEFENDANTS utilized a pay system which improperly rounded time to the detriment of the REPRESENTATIVE PLAINTIFFS and the putative class members. DEFENDANTS rounded the actual time worked and recorded by REPRESENTATIVE PLAINTIFFS and the putative class members usually down, so that during the course of their employment, REPRESENTATIVE PLAINTIFFS and the putative class members were paid far less than they would have been paid had they been paid for their actual work time rather than rounded time. DEFENDANTS also failed to properly calculate the regular rate of pay for overtime, meal/rest premiums, paid sick leave, and reporting time pay.

33.    From at least September 24, 2021 through to the present, DEFENDANTS have had a consistent policy of failing to provide non-exempt, hourly UNION EMPLOYEES with

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

itemized wage statements that included all of the required categories of information. This included both not including at all one or more of the required categories or including such categories but providing information therein that was not accurate.

34. REPRESENTATIVE PLAINTIFFS, on behalf of themselves and all class members, bring this action pursuant to California Labor Code sections 203, 204, 223, 226, 226.7, 510, 1194, and 1199 seeking unpaid minimum, straight, and overtime wages, compensation for unprovided and/or legally inadequate meal periods and rest breaks, reporting time pay, penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs pursuant to Labor Code sections 218.5, 218.6 and 1194 and any and all other applicable law.

35. REPRESENTATIVE PLAINTIFFS, on behalf of themselves and all class members, pursuant to Business and Professions Code sections 17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits DEFENDANTS enjoyed from their failure to correctly pay straight and overtime wages for all hours worked, unprovided meal periods and rest breaks, and any and all other injuries suffered as a result of the DEFENDANTS' failure to timely pay all wages due.

## STATEMENT OF FACTS

36. DEFENDANTS employed PLAINTIFFS and other similarly situated class members as hourly-paid, non-exempt UNION EMPLOYEES within the State of California.

37. DEFENDANTS had the authority to hire and terminate PLAINTIFFS and the putative class members, to set work rules and conditions governing PLAINTIFFS' and the other class members' employment, and to supervise their daily employment activities.

38. DEFENDANTS directly hired and paid wages and benefits to PLAINTIFFS and the class members.

39. DEFENDANTS continue to employ hourly-paid, non-exempt UNION EMPLOYEES at their locations within the State of California.

40. PLAINTIFFS and the putative class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with DEFENDANTS.

41. PLAINTIFFS are informed and believe, and based thereon allege, that

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

DEFENDANTS knew or should have known that PLAINTIFFS and the class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime and other compensation.

42.    DEFENDANTS did not pay REPRESENTATIVE PLAINTIFFS, the class members, and other UNION EMPLOYEES for all hours worked. The reasons that these UNION EMPLOYEES were not paid for all hours worked include, but are not limited to, requiring employees to work off-the-clock, rounding time to employees' detriment, not allowing employees to clock in while working, automatically deducting time for legally inadequate meal periods, and improperly calculating hours worked and amounts due, including failing to pay all required wages at the regular rate of pay (whether overtime, meal/rest premiums, paid sick leave, or reporting time), such that UNION EMPLOYEES were not paid for all time that they were subject to DEFENDANTS' control or that they were suffered or permitted to work.

43.    DEFENDANTS did not provide REPRESENTATIVE PLAINTIFFS, the class members, and other UNION EMPLOYEES with off-duty meal periods as required by California law. These shortcomings included, but were not limited to, having written policies that failed to inform employees of the meal period requirements, discouraging or preventing employees from taking off-duty meal periods, interrupting meal periods, failing to ensure adequate staffing such that employees were too busy to take meal periods, not allowing PLAINTIFFS and UNION EMPLOYEES to leave the premises during meal periods, and not accurately recording meal periods, such that PLAINTIFFS and UNION EMPLOYEES were not relieved of duty and resulting in meal periods that were missed, short, late or interrupted.

44.    PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known the PLAINTIFFS and class members were entitled to receive all meal periods or payments of one additional hour of pay at PLAINTIFFS' and the class members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at PLAINTIFFS' and the other class members' regular rate of pay when a meal period was missed.

45.    DEFENDANTS did not authorize and permit REPRESENTATIVE

10
COMPLAINT FOR DAMAGES

PLAINTIFFS, the class members, and other UNION EMPLOYEES to take off-duty rest breaks as required by California law. These shortcomings included, but were not limited to, having written policies that failed to inform employees of the rest break requirements, discouraging or preventing employees from taking off-duty rest breaks, interrupting rest breaks, failing to ensure adequate staffing such that PLAINTIFFS and UNION EMPLOYEES were too busy to take rest breaks, and not allowing PLAINTIFFS and UNION EMPLOYEES to leave the premises during rest breaks, such that rest breaks regularly failed to comply with California law.

46.    PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and the other class members were entitled to receive all rest breaks or payment of one additional hour of pay at PLAINTIFFS' and the other class members' regular rate of pay when a rest break was missed, and they did not receive all rest breaks or payment of one additional hour of pay at PLAINTIFFS' and the other class members' regular rate of pay when a rest break was missed, late, short or interrupted.

47.    DEFENDANTS did not provide accurate itemized wage statements to employees. DEFENDANTS routinely failed to provide PLAINTIFFS, the class members, and other UNION EMPLOYEES with timely, accurate, and itemized wage statements in writing showing PLAINTIFFS' and each UNION EMPLOYEE'S gross wages earned, total hours worked, overtime hours worked and paid, all deductions made, net wages earned, all applicable and accurate hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, employer name and address, and inclusive dates of each pay period, in violation of California Labor Code § 226 and §§ 6 and 7 of the applicable IWC Wage Orders.

48.    Finally, DEFENDANTS also failed to provide the amount of supplemental COVID-19 paid sick leave taken and available on their wage statements, all in violation of Labor Code §§ 226, 246, 248.1, 248.2 and 248.6.

49.    In addition to directly failing to include the required categories of information, PLAINTIFFS assert a derivative theory of liability for inaccurate wage statements based on the same facts underlying the other causes of action. As just one example, the number of hours that PLAINTIFFS and the UNION EMPLOYEES actually spent working for DEFENDANTS that

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

are listed on the wage statements is also incorrect because of DEFENDANTS' failure to record and compensate PLAINTIFFS and their UNION EMPLOYEES for all the time that they are under the employer's control pursuant to DEFENDANTS' illegal rounding policy, and because DEFENDANTS auto-deducted 30 minutes each day from their UNION EMPLOYEES' pay for meal periods that were not provided. Thus, the total earnings and the number of hours listed on PLAINTIFFS' and the UNION EMPLOYEES' pay stubs are incorrect as they do not include the hours worked in the pay that the employees should have received. As another example, PLAINTIFFS' and the putative class members' wage statements also failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by PLAINTIFFS and these UNION EMPLOYEES because of the DEFENDANTS' failure to pay overtime. Likewise, PLAINTIFFS' and the putative class members' wage statements also failed to pay and list split shift wages and paid sick time accrual.

50.     PLAINTIFFS are informed and believe, and based thereon allege, that at all material times set forth herein, DEFENDANTS were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California and federal labor and wage law, employment and personnel practices, and about the requirements of California and federal law.

51.     PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and the class members were entitled to receive all wages owed to them upon discharge or resignation, including straight-time, overtime, minimum wages, and meal period and rest break premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

52.     PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and the class members were entitled to receive all wages owed to them during their employment. PLAINTIFFS and the class members did not receive payment of all wages, including overtime and minimum wages and meal period and rest break premiums, within any time permissible under the California Labor Code.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

53. PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known that DEFENDANTS had to keep complete and accurate payroll records for PLAINTIFFS and the class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

54. PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known that PLAINTIFFS and the class members were entitled to reimbursement for necessary business-related expenses, including, but not limited to, cell phone, mileage, computer, internet, electricity and home office expenses. However, DEFENDANTS did not reimburse employees for all necessary business-related expenses.

55. PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS knew or should have known that they had a duty to compensate PLAINTIFFS and the class members pursuant to California law, and that DEFENDANTS had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to PLAINTIFFS and the class members that they were properly denied wages, all in order to increase DEFENDANTS' profits.

56. The California Supreme Court opinion in *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, holds that, similar to the requirement that employers pay overtime at the "regular rate of pay" (which includes commissions, bonuses or other nondiscretionary pay), employers are required to pay meal period and rest break premiums at a regular rate that includes commissions, bonuses or other non-discretionary pay. PLAINTIFFS allege that DEFENDANTS failed to include the non-discretionary bonuses in their calculations for overtime pay and for meal period and/or rest break penalties.

57. The California Supreme Court in *Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 103, held that missed-break premium pay is indeed wages subject to the Labor Code's timely payment and reporting requirements, and it can support section 203 waiting time penalties and section 226 wage statement penalties.

58. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly…for any wages or penalty due

to him [or her] under this article."

## CLASS ACTION ALLEGATIONS

59. The putative classes PLAINTIFFS will seek to certify are currently composed of and defined as follows:

60. **Overtime Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) to whom DEFENDANTS failed to pay overtime wages (hereinafter, the "Overtime Class");

61. **Rounding Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) that were subject to DEFENDANTS' rounding policies and practices. (hereinafter, the "Rounding Class");

62. **Minimum Wage Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES employed during the relevant time period (as defined, supra) to whom DEFENDANTS failed to pay minimum wages (hereinafter, the "Minimum Wage Class");

63. **Meal Period Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) that were not provided a legally adequate meal period for each day in which such employees worked five (5) hours or more and were not provided compensation by DEFENDANTS of one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided (hereinafter, the "Meal Period Class");

64. **Rest Break Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) that were not provided a legally adequate rest break for each day in which such employees were not provided a 10-minute rest break for every four (4) hours of work, or every major fraction thereof as employees were not provided compensation by DEFENDANTS of one (1) hour of pay at their regular rate of compensation for each workday that rest breaks were not

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

provided (hereinafter, the "Rest Break Class");

65. **Auto-Deduct Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra), worked time that was automatically deducted from their pay (hereinafter, the "Auto Deduct Class");

66. **Timely Payment Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) that did not receive all wages owed to them on time in compliance with Labor Code section 204 (hereinafter, the "Timely Payment Class");

67. **Waiting Time Penalties Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) that did not receive all wages owed to them at the time of termination or resignation (hereinafter, the "Waiting Time Penalties Class");

68. **Failure to Keep Accurate Pay Records Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) who were not provided with accurate and complete time keeping records that recorded all work periods, the total numbers of hours worked, and correct wages owed (hereinafter, the "Pay Records Class");

69. **Itemized Wage Statement Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) that did not receive an itemized wage statement that listed the correct straight and/or overtime number of hours that the UNION EMPLOYEES worked in the pay period, the correct corresponding rates of pay, the correct gross and net wages earned, and/or correct name and address of the legal entity that is their employer (hereinafter, the "Itemized Wage Statement Class");

70. **Failure to Reimburse Business Related Expenses Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) who did not receive

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

15

all wages owed for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 (hereinafter, the "Business Expense Class");

71. **Failure to Pay Reporting Time Pay Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) who did not properly receive reporting time pay in accordance with the I.W.C. Wage Orders (hereinafter, the "Reporting Time Class");

72. **Failure to Pay Split Shift Wages Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) who did not receive split shift wages in violation of the IWC Wage Orders (hereinafter, the "Split Shift Class"); and

73. **Failure to Provide Notice of Paid Sick Time and Accrual Class.** All of DEFENDANTS' California-based, non-exempt, hourly paid current and former UNION EMPLOYEES, employed during the relevant time period (as defined, supra) who did not receive notice of paid sick time and accrual in violation of Labor Code §246 (hereinafter, the "Paid Sick Time Class") (collectively "Classes").

74. REPRESENTATIVE PLAINTIFFS reserve the right under Rule 1855(b) of the California Rules of Court to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

75. This action has been brought and may properly be maintained as a Class Action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

**A. Numerosity**

76. The potential members of the classes as defined are so numerous that joinder of all the members of the classes is impracticable. While the precise number of class members for each class has not been determined at this time, PLAINTIFFS are informed and believe that DEFENDANTS currently employ, and during the relevant time periods employed, at least 50 employees in the State of California, in non-exempt positions throughout California, who are or

COMPLAINT FOR DAMAGES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

have been affected by DEFENDANTS' policies of: (1) failing to pay overtime and for all time worked; (2) failing to provide PLAINTIFFS and UNION EMPLOYEES with legally adequate meal periods and rest breaks; (3) failing to pay all wages at termination; (4) failing to reimburse business expenses; (5) failing to pay minimum wages; (6) failing to keep and provide accurate wage statements and records; (7) failing to pay waiting time penalties; (8) failing to timely pay earned wages; (9) failing to pay reporting time pay; (10) failing to pay split shift wages; and (11) failing to provide notice of paid sick time and accrual.

77. Upon information and belief, PLAINTIFFS allege that DEFENDANTS' employment records will provide information as to the numbers and locations of all members of the classes.

**B.** **Commonality**

78. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

(a) Whether DEFENDANTS properly paid PLAINTIFFS and UNION EMPLOYEES for all straight and overtime hours worked in accordance with Labor Code sections 510, 11832.12, 1194, 1197, 1197.1, and the IWC Wage Orders;

(b) Whether DEFENDANTS violated Labor Code sections 512, 226.7, and the IWC Wage Orders by failing to properly provide meal periods of at least 30 off-duty minutes within the first 5 hours of their shift for PLAINTIFFS and UNION EMPLOYEES working more than 5 hours in a day, and a second meal period to PLAINTIFFS and UNION EMPLOYEES that worked over 10 hours in a day; and if so, whether DEFENDANTS failed to timely compensate PLAINTIFFS and UNION EMPLOYEES for one (1) hour of pay at each UNION EMPLOYEE'S regular rate of compensation for each workday that a meal period was not provided;

(c) Whether DEFENDANTS violated Labor Code sections 512, 226.7, and the IWC Wage Orders by failing to authorize or permit rest breaks of at least 10 off-duty minutes for every four (4) hours of their UNION EMPLOYEES' shifts or every major fraction thereof; and

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

if so, whether DEFENDANTS failed to timely compensate said employees for one (1) hour of pay at each UNION EMPLOYEE'S regular rate of compensation for each workday that a rest break was not provided;

(d)     Whether DEFENDANTS violated Labor Code sections 201-204 by failing to pay straight and/or overtime wages, and compensation for denied and/or unprovided meal periods and rest breaks due and owing at the time that any class member's employment with DEFENDANTS terminated;

(e)     Whether DEFENDANTS' time rounding policy and practices ensured that DEFENDANTS paid the legal straight time pay, minimum wage pay and/or overtime pay for all hours worked by PLAINTIFFS and the putative class members;

(f)     Whether DEFENDANTS violated Labor Code section 226 for their failure to furnish PLAINTIFFS and UNION EMPLOYEES with accurate, legally adequate, itemized wage statements;

(g)     Whether DEFENDANTS violated Labor Code sections 2800 and 2802 for their failure to reimburse PLAINTIFFS and UNION EMPLOYEES for all necessary business related expenses;

(h)     Whether DEFENDANTS violated Labor Code sections 226, 1174(d), and the IWC Wage Orders by failing to keep accurate time records;

(i)     Whether DEFENDANTS violated Labor Code sections 204 and 210 for failing to timely pay earned wages;

(j)     Whether DEFENDANTS violated the IWC Wage Orders by failing to pay reporting time pay;

(k)     Whether DEFENDANTS violated the IWC Wage Orders by failing to pay split shift wages;

(l)     Whether DEFENDANTS violated Labor Code section 246 for failing to provide notice of paid sick time and accrual; and

(m)     Whether DEFENDANTS violated Labor Code section 558.1 for causing aforementioned Labor Code violations.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

### C.   <u>Typicality</u>

79.   The claims of PLAINTIFFS are typical of the claims of the classes. PLAINTIFFS and all members of the classes sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged therein.

### D.   <u>Adequacy of Representation</u>

80.   PLAINTIFFS are adequate REPRESENTATIVES of the classes PLAINTIFFS seek to represent; will fairly protect the interests of the members of the classes; have no interests antagonistic to the members of the classes; will fairly and adequately represent and protect the interests of the members of the classes; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Counsel who represents the REPRESENTATIVE PLAINTIFFS are competent and experienced.

### E.   <u>Superiority of Class Action</u>

81.   A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes. Each member of each class has been damaged and is entitled to recovery by reason of DEFENDANTS' illegal policy and/or practice of failing to legally compensate class members as alleged above.

82.   Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. REPRESENTATIVE PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a Class Action.

///

///

///

///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By PLAINTIFFS Against All DEFENDANTS)**

83.    On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

84.    DEFENDANTS have had a consistent policy of failing to pay straight and overtime wages in violation of California state wage and hour laws by not paying overtime to PLAINTIFFS and the putative class members when they work over eight (8) hours in a day and/or 40 hours in a workweek, as well as for the first eight (8) hours of work on the seventh consecutive day of work within a workweek. DEFENDANTS also have their UNION EMPLOYEES work without payment, including, but not limited to, 30 minutes of work time that DEFENDANTS automatically deducted each day for meal periods that were never provided and which are not legally adequate. Additionally, UNION EMPLOYEES were not paid for all of the time that they spent working under their employer's control due to DEFENDANTS' improper rounding practices and policy.

85.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the putative class members have been deprived of their full straight and/or overtime wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 218.5, 510, 1194, 1197, and 1199.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(By PLAINTIFFS Against All DEFENDANTS)**

86.    On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

87. Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

88. Pursuant to the California Department of Industrial Relations: the applicable minimum wage for any employer who employs 26 or more employees is:

89. From January 1, 2022, to December 31, 2022, $15 per hour.

90. From January 1, 2023, to December 31, 2023, $15.50 per hour

91. From January 1, 2024, to December 31, 2024, $16.00 per hour.

92. From January 1, 2025, and until adjusted by subdivision (c) $16.50 per hour.

For any employer who employs 25 or fewer employees:

93. From January 1, 2022, to December 31, 2022, $14 per hour.

94. From January 1, 2023, to December 31, 2023, $15.50 per hour.

95. From January 1, 2024, to December 31, 2024 to $16.00 per hour.

96. From January 1, 2025, and until adjusted by subdivision (c) $16.50 per hour.

97. DEFENDANTS, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by DEFENDANTS, failed to pay PLAINTIFFS and the putative class members for all hours worked, which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California.

98. DEFENDANTS' pattern and practice in uniform administration of corporate policy regarding DEFENDANTS' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code §1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight-time compensation paid and the applicable minimum wage, including interest thereon.

99. Pursuant to Labor Code § 1194.2(a) (which provides that in any action under Labor Code § 1194, an employee shall be entitled to recover liquidated damages) the members of the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion

of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

100.   Pursuant to Labor Code § 218.6, Labor Code § 1194(a) and Civil Code § 3287, the members of the Minimum Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

101.   Pursuant to Labor Code § 1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

## IN VIOLATION OF LABOR CODE §§ 226.7, 512, AND IWC WAGE ORDERS

## (By PLAINTIFFS Against All DEFENDANTS)

102.   On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

103.   DEFENDANTS do not have a written meal period policy and/or do not provide their employees with meal periods consistent with the requirements of Labor Code section 512. By employing these individuals for work periods of more than five (5) hours and ten (10) hours per day without providing legally adequate meal periods (such as short, on-duty, late, interrupted, or missed meal periods), and failing to provide compensation for unprovided and/or legally inadequate meal periods, as alleged above, DEFENDANTS violated the provisions of Labor Code sections 512 and 226.7. As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the putative class members have been deprived of premium wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226.7 and 512, as well as the I.W.C. Wage Orders.

///

///

///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

# FOURTH CAUSE OF ACTION

## FAILURE TO KEEP ACCURATE AND PROVIDE ITEMIZED WAGE

## STATEMENTS IN VIOLATION OF LABOR CODE § 226, AND

## THE IWC WAGE ORDERS

### (By PLAINTIFFS Against All DEFENDANTS)

104.    On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

105.    Section 226(a) of the California Labor Code requires DEFENDANTS to provide itemized wage statements at the time of payment of wages which include, but are not limited to, the following: gross wages earned; the correct total hours worked by the UNION EMPLOYEES; the correct net wages earned; the inclusive dates of the period for which the UNION EMPLOYEES are paid; the name and address of the correct legal entity that is the employer; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by UNION EMPLOYEES.

106.    PLAINTIFFS contend that they, and the putative class members, have been injured by DEFENDANTS' failure to provide all of the requisite information on their itemized wage statements in that such failure, *inter alia:* (1) masks possible and actual underpayments to DEFENDANTS' UNION EMPLOYEES; (2) makes it difficult for DEFENDANTS' UNION EMPLOYEES to verify that they have in fact been paid the proper amounts owing for all hours worked; and (3) makes it difficult for REPRESENTATIVE PLAINTIFFS to identify his true employer for purposes of this litigation. Said conduct was done knowingly and intentionally, since DEFENDANTS are aware of California law, and with the design to harm REPRESENTATIVE PLAINTIFFS and the putative class members.

107.    At all times relevant during the liability period, PLAINTIFFS and the putative class members were UNION EMPLOYEES of DEFENDANTS covered by Labor Code section 226 and the Wage Orders.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

108.   Pursuant to Labor Code section 226, DEFENDANTS were required to furnish each of their UNION EMPLOYEES with accurate itemized statements reflecting, *inter alia,* total number of hours worked and wages earned. DEFENDANTS were also required to keep an accurate record of the beginning and end of all work periods for their UNION EMPLOYEES, including off-duty meal periods.

109.   REPRESENTATIVE PLAINTIFFS are informed, believe, and based thereon allege, that at all times relevant during the liability period, DEFENDANTS maintained a policy and/or practice of utilizing an "auto-deduct" system whereby thirty (30) minutes were automatically deducted from the hours worked by REPRESENTATIVE PLAINTIFFS and the putative class members on a daily basis, whether or not a 30 minute off-duty meal period was actually provided or taken. DEFENDANTS also did not record and pay the time that its employees spent under their control, as the company utilized improper rounding policies and practices which resulted in the under payment of wages to REPRESENTATIVE PLAINTIFFS and the putative class members.

110.   DEFENDANTS failed to pay PLAINTIFFS and hourly UNION EMPLOYEES class members an additional hour of pay at their regular rate of compensation for each date on which they failed to provide legally compliant rest breaks and/or meal periods. As set forth in *Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 103, missed-break premium pay are wages subject to the Labor Code's timely payment and reporting requirements, thus DEFENDANTS' failure to pay PLAINTIFFS and hourly UNION EMPLOYEES class members constitutes a violation of California Labor Code section 226.

111.   As a result of DEFENDANTS' unlawful conduct, REPRESENTATIVE PLAINTIFFS and the putative class members have suffered damages in an amount subject to proof at trial. The precise amount of unpaid wages is not presently known to REPRESENTATIVE PLAINTIFFS but can be determined directly from DEFENDANTS' records or indirectly based on information from DEFENDANTS' records.

///

///

24
COMPLAINT FOR DAMAGES

112. Pursuant to Labor Code sections 218.5 and 218.6, REPRESENTATIVE PLAINTIFFS and the putative class members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees, and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAITING TIME PENALTIES

### IN VIOLATION OF LABOR CODE § 201, 202, AND 203

### (By PLAINTIFFS Against All DEFENDANTS)

113. On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

114. California Labor Code section 201 requires an employer who discharges a UNION EMPLOYEE to pay all compensation due and owing to that employee immediately upon discharge. California Labor Code section 202 requires an employer of a UNION EMPLOYEE who quits to pay all compensation due and owing to that employee not later than 72 hours thereafter, unless the employee gave 72 hours previous notice of the intention to quit, in which case the UNION EMPLOYEE is entitled to wages at the time of quitting.

115. California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 workdays.

116. DEFENDANTS willfully failed and refused to timely pay all straight time wages, overtime, rest break and meal period compensation to REPRESENTATIVE PLAINTIFFS and the putative class members whose employment terminated. As a result, DEFENDANTS are liable to REPRESENTATIVE PLAINTIFFS and the putative class members for waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code section 203.

117. DEFENDANTS failed to pay PLAINTIFFS and hourly UNION EMPLOYEES class members an additional hour of pay at their regular rate of compensation for each date on

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

25
COMPLAINT FOR DAMAGES

which it failed to provide legally compliant rest breaks and/or meal periods. As set forth in *Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 103, missed-break premium pay are wages subject to the Labor Code's timely payment and reporting requirements, thus DEFENDANTS' failure to pay PLAINTIFFS and hourly UNION EMPLOYEES class members constitutes a violation of California Labor Code sections 201-203.

118. As a result of DEFENDANTS' unlawful conduct, REPRESENTATIVE PLAINTIFFS and putative class members have suffered damages in an amount, subject to proof at trial, to the extent they were not paid all wages due each pay period. The precise amount of unpaid wages is not presently known to REPRESENTATIVE PLAINTIFFS but can be determined directly from DEFENDANTS' records or indirectly based on information from DEFENDANTS' records.

119. Pursuant to Labor Code sections 218.5 and 218.6, REPRESENTATIVE PLAINTIFFS and the putative class members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY EARNED WAGES IN VIOLATION OF**

**LABOR CODES §§ 204 AND 210**

**(By PLAINTIFFS Against All DEFENDANTS)**

120. PLAINTIFFS re-allege each paragraph of this Complaint as though fully set forth herein.

121. California Labor Code § 204 requires biweekly payment of wages for all employees except salaried executive, administrative and professional employees covered by the Fair Labor Standards Act, whom it requires employers to pay at least once per month.

122. DEFENDANTS failed to pay PLAINTIFFS and hourly UNION EMPLOYEES class members an additional hour of pay at their regular rate of compensation for each date on which it failed to provide legally compliant rest breaks and/or meal periods. As set forth in *Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 103, missed-break premium pay are wages subject to the Labor Code's timely payment and reporting requirements, thus

26
COMPLAINT FOR DAMAGES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

DEFENDANTS' failure to pay PLAINTIFFS and hourly UNION EMPLOYEES class members constitutes a violation of California Labor Code section 204.

123. California Labor Code § 210 makes any person subject to civil penalties by failing to pay employees as required by California Labor Code § 204.

124. PLAINTIFFS and hourly UNION EMPLOYEES class members are entitled to recover $100 for DEFENDANTS' initial violation, and $200 for each subsequent violation, plus twenty percent (20%) of the amount of wages unlawfully withheld.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF

### LABOR CODE § 226.7 & IWC WAGE ORDERS

### (By PLAINTIFFS Against All DEFENDANTS)

125. On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

126. At all times herein set forth, the California IWC Order and California Labor Code section 226.7 was applicable to PLAINTIFFS and the putative class members employed by DEFENDANTS.

127. At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest break mandated by an applicable order of the California IWC.

128. During the relevant time period, DEFENDANTS required PLAINTIFFS and the putative class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest break per each four (4) hour period worked, or major fraction thereof.

129. During the relevant time period, DEFENDANTS willfully required PLAINTIFFS and the other class members to work during rest breaks and failed to pay PLAINTIFFS and the other class members the full rest break premium for work performed during rest breaks.

///

///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306 Fax: (818)696-2307

27

COMPLAINT FOR DAMAGES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

130.   During the relevant time period, DEFENDANTS failed to pay PLAINTIFFS and the putative class members the full rest break premium due pursuant to California Labor Code section 226.7.

131.   DEFENDANTS' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

132.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), PLAINTIFFS and the putative class members are entitled to recover from DEFENDANTS one (1) additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest break was not provided.

## EIGHTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

## IN VIOLATION OF LABOR CODE §§ 2800 and 2802

## (By PLAINTIFFS Against All DEFENDANTS)

133.   On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

134.   PLAINTIFFS and the putative class members incurred necessary business-related expenses and costs that were not fully reimbursed by DEFENDANTS, including, but not limited to, electricity and internet charges while UNION EMPLOYEES worked from home, personal cell-phone usage, travel expenses, and parking expenses.

135.   DEFENDANTS have intentionally and willfully failed to reimburse PLAINTIFFS and the putative class members for all necessary business-related expenses and costs. PLAINTIFFS and the putative class members are entitled to recover from DEFENDANTS their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the UNION EMPLOYEES incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

**NINTH CAUSE OF ACTION**

**FAILURE TO PAY REPORTING TIME PAY**

**IN VIOLATION OF IWC WAGE ORDERS**

**(By PLAINTIFFS Against All DEFENDANTS)**

136. On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

137. California Code of Regulations, Title 8, Division 1, Chapter 5, Group 2, Article 5, section 11050(5)(A) provides that for each workday when a UNION EMPLOYEE is required to and does in fact report to work, but is either not put to work or is furnished less than half of said employee's usual scheduled day's work, that employee should be paid for no less than half, and in no event less than two (2) hours, of the employees' regular rate of pay.

138. Throughout PLAINTIFFS's and the putative class members' employment, they were told by DEFENDANTS to report to work and was either not put to work or was furnished less than half of their usual scheduled day's work.

139. DEFENDANTS routinely failed to pay the required reporting time wages to PLAINTIFFS and the putative class members for each of these instances.

140. Pursuant to the foregoing, PLAINTIFFS and the putative class members are entitled to all wages wrongfully withheld, civil penalties, attorneys' fees, costs, and interest thereon, pursuant to Labor Code section 1197.1 and/or any and all other applicable law.

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY SPLIT SHIFT WAGES**

**IN VIOLATION OF IWC WAGE ORDERS**

**(By PLAINTIFFS Against All DEFENDANTS)**

141. On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

142. California Code of Regulations Title 8, Division 1, Chapter 5, Group 2, Article 5, 11050(4)(C) provides that when an employee works a "split shift", one (1) hour's pay at the State or local minimum wage (whichever is greater) must be paid in addition to the minimum wage for that workday.

143. A "split shift" is defined as a work schedule which is interrupted by non-paid, non-working periods established by the employer, other than *bona fide* rest breaks or meal periods.

144. DEFENDANTS routinely scheduled PLAINTIFFS and the putative class members for multiple different shifts throughout the same workday, separated by periods other than *bona fide* rest breaks or meal periods.

145. DEFENDANTS failed to pay PLAINTIFFS and the putative class members one (1) hour's pay at the applicable minimum wage, which resulted in PLAINTIFFS and the putative class members being paid less than the applicable minimum wage.

146. As a further consequence, DEFENDANTS also failed to separately list "split shift" payments on PLAINTIFFS' and the putative class members' wage statements.

147. Pursuant to the foregoing, PLAINTIFFS and the putative class members are entitled to recover all wages wrongfully withheld, civil penalties, attorneys' fees, costs, and interest thereon, pursuant to Labor Code section 1197.1 and/or any and all other applicable law.

### ELEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE NOTICE OF PAID SICK TIME AND ACCRUAL

### IN VIOLATION OF LABOR CODE §246

### (By PLAINTIFFS Against All DEFENDANTS)

148. On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

149. California Labor Code section 246 provides that an employee who works for the same employer for more than 30 days is entitled to paid sick days. Paid sick leave is to accrue at a rate not less than one (1) hour per every 30 hours worked, such accrual beginning at the

commencement of employment. Employers must provide employees with written notice setting the amount of sick leave available (or paid time off in lieu thereof) for use on either itemized wage statements (as described in Labor Code section 226) or in a separate writing accompanying such wage statements.

150. PLAINTIFFS and other putative class members worked for DEFENDANTS for more than 30 days, triggering the protections of Labor Code section 246 as described above. Nevertheless, DEFENDANTS failed to furnish upon PLAINTIFFS and other putative class members, either on itemized wage statements or in a separate writing accompanying such wage statements, the amount of sick leave available to PLAINTIFFS and other putative class members.

151. As such, DEFENDANTS unlawfully retained and continue to retain paid sick leave that should have been paid to PLAINTIFFS and other putative class members but for DEFENDANTS' failure to properly institute and/or adhere to a legally compliant paid sick leave program. PLAINTIFFS are informed and believe, and based thereon allege, that these practices were experienced and continue to be experienced by the other putative class members.

**TWELFTH CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES**

**IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ*.**

**(By PLAINTIFFS Against All DEFENDANTS)**

152. On behalf of the putative class, PLAINTIFFS incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

153. DEFENDANTS' failure to correctly pay wages as alleged herein, failure to keep accurate time records, and failure to compensate for overtime and unprovided rest breaks and meal periods constitute unlawful activity prohibited by Business and Professions Code section 17200, *et seq.,* including, but not limited to, sections 17200, 17202, and 17203.

154. The actions of DEFENDANTS in failing to pay PLAINTIFFS and the putative class members in a lawful manner as alleged herein constitute false, unfair, fraudulent and/or

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

155.   As a result of its unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits at the expense of PLAINTIFFS and the putative class members. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the putative class members the wrongfully withheld wages pursuant to Business and Professions Code section 17203. PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay all earned wages and compensation for unprovided meal periods to PLAINTIFFS and the putative class members.

156. PLAINTIFFS are informed and believe, and based thereon allege, that PLAINTIFFS and the putative class members are prejudiced by DEFENDANTS' unfair practices.

157. As a direct and proximate result of the unfair business practices of DEFENDANTS, PLAINTIFFS and the putative class members are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages, which have been unlawfully withheld from PLAINTIFFS and the putative class members as a result of the business acts and practices described herein, and enjoin DEFENDANTS to cease and desist from engaging in the practices described herein.

158.   The illegal conduct alleged herein is believed to be continuing, and there is no indication that DEFENDANTS will not continue such activity into the future. PLAINTIFFS, on behalf of the putative class, allege that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the correct wages, will continue to require employees to work during rest breaks and meal periods, will continue to fail to pay employees the correct rate of pay and for all hours worked, will continue to fail to provide legally adequate rest breaks and meal periods, and will continue to fail to provide appropriate compensation as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

1.    Certification of the case as a Class Action on behalf of the proposed Classes, designation of the REPRESENTATIVE PLAINTIFFS for the hourly UNION EMPLOYEES class and designation of their counsel of record as Class Counsel;

2.    For wages, damages, and equitable relief for all harm PLAINTIFFS and the hourly UNION EMPLOYEES class have sustained as a result of DEFENDANTS' conduct, according to proof;

3.    For restitution and disgorgement of unjust enrichment to PLAINTIFFS and members of the hourly UNION EMPLOYEES class;

4.    For a preliminary and permanent injunction against DEFENDANTS and their directors, officers, owners, agents, successors, employees, and representatives—and any and all persons acting in concert with them—from engaging in the unlawful practices, policies, customs, and usages set forth herein;

5.    For a declaratory judgment that the practices complained of in this Complaint are unlawful and violate applicable law;

6.    For attorneys' fees and costs incurred in the investigation, filing, and prosecution of this Class Action;

7.    Pre-judgment and post-judgment interest, as provided by law; and

8.    For such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: April 15, 2026

**HAIG B. KAZANDJIAN LAWYERS, APC**

By: _____
Haig B. Kazandjian, Esq.
Cathy Gonzalez, Esq.
Attorneys for PLAINTIFFS NIGEL
BROAD, ERIC ROTH and SHELBY
PEAKE and the class

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a trial by jury.


Dated: April 15, 2026

**HAIG B. KAZANDJIAN LAWYERS, APC**

By: _____
Haig B. Kazandjian, Esq.
Cathy Gonzalez, Esq.
Attorneys for PLAINTIFFS NIGEL
BROAD, ERIC ROTH and SHELBY
PEAKE and the class

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 1015
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

34

COMPLAINT FOR DAMAGES

# EXHIBIT 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/15/2026 10:20 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Radillo, Deputy Clerk

## NOTICE TO DEFENDANT:
### (AVISO AL DEMANDADO):
DREAMWORKS ANIMATION LLC; NBC UNIVERSAL DIGITAL SOLUTIONS LLC; ENTERTAINMENT PARTNERS ENTERPRISES, LLC; and DOES 1 through 50, inclusive,

## YOU ARE BEING SUED BY PLAINTIFF:
### (LO ESTÁ DEMANDANDO EL DEMANDANTE):
NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Spring Street Courthouse

312 N Spring St, Los Angeles, CA 90012

CASE NUMBER:
(Número del Caso):

26STCV12065

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Haig B. Kazandjian Lawyers, APC; 801 North Brand Blvd, Suite 1015, Glendale, CA 91203; 818-696-2306

DATE: 04/15/2026
(Fecha)

Clerk, by
(Secretario) A. Radillo

, Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [ ]  on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
  Judicial Council of California
  SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Haig B. Kazandjian (SBN 278622); Cathy Gonzalez (SBN 310625)
FIRM NAME:  HAIG B. KAZANDJIAN LAWYERS, APC
STREET ADDRESS:  801 North Brand Blvd, Suite 1015
CITY: Glendale     STATE: CA     ZIP CODE: 91203
TELEPHONE NO.: 818-696-2306     FAX NO.: 818-696-2307
EMAIL ADDRESS:  haig@hbklawyers.com; cathy@hbklawyers.com
ATTORNEY FOR (name): Plaintiffs, Nigel Broad, et al.

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/15/2026 10:20 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Radillo, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
 STREET ADDRESS: 312 N. Spring Street
 MAILING ADDRESS: 312 N. Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Spring Street Courthouse

CASE NAME:
 Nigel Broad, et al. vs. Dreamworks Animation LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26STCV12065 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?    [ **x** ] Yes    [   ] No

If the case is complex, mark the factors requiring exceptional judicial management:

a.  [   ] Large number of separately represented parties

b.  [   ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c.  [ **x** ] Substantial amount of documentary evidence

d.  [ **x** ] Large number of witnesses

e.  [   ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f.  [   ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):*

a.  [ **x** ] monetary

b.  [ **x** ] nonmonetary; declaratory or injunctive relief

c.  [ **x** ] punitive

4.  Number of causes of action *(specify):* Twelve (12)

5.  Is this case a class action suit?    [ **x** ] Yes    [   ] No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 15, 2026

Haig B. Kazandjian
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**



**CM-010**

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

Rev. January 1, 2026 | **Civil Case Cover Sheet** | **CM-010**, Page 3 of 3

**For your protection and privacy, please press the Clear button after you have printed the form.**

**Print** | **Save** | **Clear**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nigel Broad, et al. vs. Dreamworks Animation LLC, et al. | 26STCV12065 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nigel Broad, et al. vs. Dreamworks Animation LLC, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nigel Broad, et al. vs. Dreamworks Animation LLC, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nigel Broad, et al. vs. Dreamworks Animation LLC, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Nigel Broad, et al. vs. Dreamworks Animation LLC, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:      STATE:      ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central Judicial District
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: April 15, 2026            _____
                                            (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
                 AND STATEMENT OF LOCATION

# EXHIBIT 4

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>04/15/2026<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ A. Radillo _____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26STCV12065 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/15/2026
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Radillo_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06



### *Superior Court of California, County of Los Angeles*
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 12/25
For Mandatory Use

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**<u>Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)</u>**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

## Superior Court of California, County of Los Angeles

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE** |
|---|
| **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**<br><br>**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint. |

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

> **Mediation may be appropriate when the parties**
> - want to work out a solution but need help from a neutral person.
> - have communication problems or strong emotions that interfere with resolution.
>
> **Mediation may not be appropriate when the parties**
> - want a public trial and want a judge or jury to decide the outcome.
> - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 02/22
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
(949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
(833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
(INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)
Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)
Date:

_____                    ➤ _____
       (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print      Save      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

 

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date:    _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                        )   ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation   )   EXTENDING TIME TO RESPOND BY
Stipulations                            )   30 DAYS WHEN PARTIES AGREE
                                        )   TO EARLY ORGANIZATIONAL
                                        )   MEETING STIPULATION
                                        )

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

_____
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# EXHIBIT 5

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: <br> Haig B. Kazandjian (SBN 278622); <br> Cathy Gonzalez (SBN 310625) <br> Robert D. Wilson III (SBN 226309) <br> HAIG B. KAZANDJIAN LAWYERS, APC <br> 801 North Brand Blvd, Suite 1015, Glendale CA 91203 <br> ATTORNEY FOR (Name): Plaintiffs, Nigel Broad, Eric Roth, and Shelby Peake | STATE BAR NUMBER: | *Reserved for Clerk's File Stamp* <br> **CONFORMED COPY** <br> **ORIGINAL FILED** <br> Superior Court of California <br> County of Los Angeles <br> **APR 2 2 2026** <br> David W. Slayton, Executive Officer/Clerk of Court |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: <br> 312 North Spring Street, Los Angeles, CA 90012 | | |
| PLAINTIFF/PETITIONER: <br> Nigel Broad, et al. | | |
| DEFENDANT/RESPONDENT: <br> Dreamworks Animation LLC, et al. | | |
| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** <br> **(Code Civ. Proc., § 170.6)** | CASE NUMBER: <br> **26STCV12065** | |

BY FAX

| Name of Judicial Officer: (PRINT) <br> William F. Highberger | Dept. Number: <br> 10 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

# DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: **Nigel Broad, et al.**
Name of Party

☑ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent          ☐ Cross Defendant
☐ Other:

Dated: **April 21, 2026**

Signature of Declarant

**Haig B. Kazandjian, Esq.**
Printed Name

| LACIV 015 (Rev. 12-14) <br> LASC Approved 04-04 <br> For Optional Use | **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** <br> **(Code Civ. Proc., § 170.6)** | Code Civ. Proc., § 170.6 |
|---|---|---|

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**26STCV12065**
**NIGEL BROAD, et al. vs DREAMWORKS ANIMATION LLC, et al.**

April 28, 2026
9:05 AM

Judge: Honorable Samantha Jessner
Judicial Assistant: R. Corleto
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Case Reassignment 170.6

This case was ordered transferred to the Assistant Supervising Judge of Complex Civil Litigation, Judge Samantha Jessner in Department 7, for reassignment purposes only.

The case is reassigned for the following reason: Peremptory Challenge to Judicial Officer William F. Highberger.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Theresa M. Traber in Department 1 at the Spring Street Courthouse for all further proceedings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Service is attached.

Minute Order                                                                         Page 1 of 1

**EXHIBIT 7**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**26STCV12065**                                                    April 28, 2026
**NIGEL BROAD, et al. vs DREAMWORKS ANIMATION LLC,**               11:20 AM
**et al.**

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: A. He                   ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 07/30/2026 at 08:30 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**26STCV12065**                                                       April 28, 2026
**NIGEL BROAD, et al. vs DREAMWORKS ANIMATION LLC,**                   11:20 AM
**et al.**

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: A. He                   ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

Parties shall file all documents in conformity with Superior Court of Los Angeles County Local Rule 3.4, particularly the provisions requiring bookmarking (Local Rule 3.4(f)(2-5)).

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner.
https://www.lacourt.ca.gov/pages/lp/language-access-services/tp/request-a-court-interpreter

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.ca.gov/pages/lp/civil/tp/civil-case-types-and-specialty-courtrooms/cp/complex-civil-litigation.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Service is attached.

# EXHIBIT 8

**FILED**
Superior Court of California
County of Los Angeles

04/28/2026

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. He _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES,<br><br>　　　　Plaintiff(s),<br><br>　　　　v.<br><br>DREAMWORKS ANIMATION LLC; et al.,<br><br>　　　　Defendant(s). | Case No.: 26STCV12065<br><br>**INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)**<br><br>Case Assigned for All Purposes to Judge Theresa M. Traber<br><br>Department 1<br>Spring Street Courthouse |

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management to carry out the purposes of that rule and to promote effective decision-making by the Court.  This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith.  That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order.  Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1.     **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.     **STATUS OF PLEADINGS:**  Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3.     **POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4.     **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5.      **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

6.      **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

7.      **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

8.      **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach any relevant document a  plaintiff has signed or a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

9.      **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, specifically considering the following:

- ■  Motion to Compel Arbitration,
- ■  Early motions in limine,
- ■  Early motions about particular jury instructions and verdict forms,
- ■  Demurrers,
- ■  Motions to strike,
- ■  Motions for judgment on the pleadings, and
- ■  Motions for summary judgment and summary adjudication.

**10.**      **CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11.     PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Tools for Court Users and Attorneys."

**12.     DISCOVERY:**  Discovery is stayed until further order of the Court.  Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13.     INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14.     ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help to identify the best neutral and prepare the case for a successful settlement negotiation?

**15.     TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■   The next status conference,
- ■   A schedule for alternative dispute resolution, if it is relevant,
- ■   A filing deadline for the motion for class certification, and
- ■   Filing deadlines and descriptions for other anticipated non-discovery motions.

**16.     REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

---

[1] See California Rule of Court, Rule 3.768.
[2] California Rule of Court, Rule 3.770(a)

If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

17. **REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:** To obtain approval of a class action settlement, the parties should strictly adhere to the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators. See the link to same in the Minute Order served concurrently herewith. Plaintiff(s) must address any fee-splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769 and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal. App. 4th 219.

18. **REMINDER WHEN USING THE MESSAGE BOARD:** The court requires a pre-motion conference before any motion is filed, including discovery motions. Counsel shall jointly post a *brief s*tatement on the message board setting forth the discovery in dispute or the essential issue(s) to be decided in the motion. The court either will hold a prompt informal conference with the parties to discuss the dispute or tell the parties to call courtroom staff to obtain a motion date. If one side refuses to state its position in a joint posting after a reasonable request from opposing counsel, the opposing counsel may post a message unilaterally.

19. **NOTICE OF THE ISC ORDER:** Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

20. **e-SERVICE PROVIDER**: The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases. The parties must sign up with the provider at

least ten days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected.  While the parties are free to choose any approved service, Department 1 prefers CaseAnywhere.

Dated: April 28, 2026

Theresa M. Traber / Judge

Hon. Theresa M. Traber
Judge of the Los Angeles Superior Court

# EXHIBIT 9

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA, 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/28/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ R. Corleto _____ Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>Nigel Broad, , et al. | |
| DEFENDANT(S)/RESPONDENT(S):<br>Dreamworks Animation LLC, et al. | |
| **CLERK'S CERTIFICATE OF SERVICE**<br>**BY ELECTRONIC SERVICE** | CASE NUMBER:<br>26STCV12065 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 04/28/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Haig B. Kazandjian" <haig@hbklawyers.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 04/28/2026

David W. Slayton, Executive Officer / Clerk of Court

By: R. Corleto _____

Deputy Clerk

**Page 1 of 1**

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

Code of Civil Procedure § 1013b(4)

# EXHIBIT 10

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Spring Street Courthouse
312 North Spring Street, Los Angeles, CA, 90012

PLAINTIFF(S)/PETITIONER(S):

Nigel Broad, , et al.

DEFENDANT(S)/RESPONDENT(S):

Dreamworks Animation LLC, et al.

**FILED**
Superior Court of California
County of Los Angeles
04/28/2026
David W. Slayton, Executive Officer / Clerk of Court
By: _____ A. He _____ Deputy

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

26STCV12065

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 04/28/2026**
**Initial Status Conference Order of 04/28/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Cathy Gonzalez" <cathy@hbklawyers.com>,**
**"Haig B. Kazandjian" <haig@hbklawyers.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 04/28/2026

David W. Slayton, Executive Officer / Clerk of Court

By:  A. He
_____
Deputy Clerk

**Page 1 of 1**

CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)

# EXHIBIT 11

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Haig B. Kazandjian (SBN 278622); Cathy Gonzalez (310625) | |

ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO:

NAME: Haig B. Kazandjian (SBN 278622); Cathy Gonzalez (310625)
FIRM NAME: HAIG B. KAZANDJIAN LAWYERS, APC
STREET ADDRESS: 801 North Brand Blvd, Suite 1015
CITY: Glendale    STATE: CA    ZIP CODE: 91203
TELEPHONE NO.: 818-696-2306    FAX NO. : 818-696-2307
E-MAIL ADDRESS: haig@hbklawyers.com; cathy@hbklawyers.com
ATTORNEY FOR (Name): Plaintiffs, Nigel Broad, Eric Roth, and Shelby Peake

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 312 N Spring Street
MAILING ADDRESS: 312 N Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Nigel Broad, et al.

Defendant/Respondent: Dreamworks Animation LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>26STCV12065 |
|---|---|

TO (insert name of party being served): DREAMWORKS ANIMATION LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 1, 2026

Cathy Gonzalez, Esq.
(TYPE OR PRINT NAME)

▶    /s/ Cathy Gonzalez

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of **(to be completed by sender before mailing):**

1. [ x ]  A copy of the summons and of the complaint.

2. [ x ]  Other (specify):
   1. Complaint, 2, Summons, 3. Civil Case Cover Sheet and Addendum, 4. Notice of Case Assignment, 5. Alternative Dispute Resolution (ADR) Information Package, 6. Voluntary Efficient Litigation Stipulations, 7. General Order Re Use of Voluntary Efficient Litigation Stipulations, 8. First Amended General Order Re Mandatory Electronic Filing for Civil 9. Peremptory Challenge to Judicial Officer, 10. Court Order Re Case Reassignment 170.6, 11. Court Order Scheduling Initial Status Conference, 12. Initial Status Conference Order (Complex Class Actions)

**(To be completed by recipient):**

Date this form is signed: June 22, 2026

Nicholas Baltaxe, Esq. on behalf of Defendant DreamWorks Animation L.L.C.

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]    [ Save this form ]    [ Clear this form ]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: Haig B. Kazandjian (SBN 278622); Cathy Gonzalez (310625) | |

FIRM NAME: HAIG B. KAZANDJIAN LAWYERS, APC

STREET ADDRESS: 801 North Brand Blvd, Suite 1015

CITY: Glendale            STATE: CA      ZIP CODE: 91203

TELEPHONE NO.: 818-696-2306        FAX NO. : 818-696-2307

E-MAIL ADDRESS: haig@hbklawyers.com; cathy@hbklawyers.com

ATTORNEY FOR (Name): Plaintiffs, Nigel Broad, Eric Roth, and Shelby Peake

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 312 N Spring Street

MAILING ADDRESS: 312 N Spring Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner: Nigel Broad, et al.

Defendant/Respondent: Dreamworks Animation LLC, et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>26STCV12065 |
|---|---|

TO (insert name of party being served): NBC UNIVERSAL DIGITAL SOLUTIONS LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 1, 2026

| Cathy Gonzalez, Esq. | ▶ | /s/ Cathy Gonzalez |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE) |

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.

2. [x] Other *(specify):*
   1. Complaint, 2, Summons, 3. Civil Case Cover Sheet and Addendum, 4. Notice of Case Assignment, 5. Alternative Dispute Resolution (ADR) Information Package, 6. Voluntary Efficient Litigation Stipulations, 7. General Order Re Use of Voluntary Efficient Litigation Stipulations, 8. First Amended General Order Re Mandatory Electronic Filing for Civil 9. Peremptory Challenge to Judicial Officer, 10. Court Order Re Case Reassignment 170.6, 11. Court Order Scheduling Initial Status Conference, 12. Initial Status Conference Order (Complex Class Actions)

*(To be completed by recipient):*

Date this form is signed: June 22, 2026

Nicholas Baltaxe, Esq. on behalf of Defendant NBC UNIVERSAL DIGITAL SOLUTIONS LLC

| (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED) | ▶ | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |
|---|---|---|

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

# EXHIBIT 12

MITCHELL SILBERBERG & KNUPP LLP
SETH E. PIERCE (186576), sep@msk.com
STEPHEN A. ROSSI (282205), sar@msk.com
NICK BALTAXE (329751), ngb@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for DREAMWORKS ANIMATION LLC, and
NBC UNIVERSAL DIGITAL SOLUTIONS LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES,<br><br>      Plaintiffs,<br><br>      v.<br><br>DREAMWORKS ANIMATION LLC; NBC UNIVERSAL DIGITAL SOLUTIONS LLC; ENTERTAINMENT PARTNERS ENTERPRISES, LLC; and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO. 26STCV12065<br><br>**DEFENDANTS DREAMWORKS ANIMATION LLC AND NBC UNIVERSAL DIGITAL SOLUTIONS LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Judge:<br>Dept: |

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' ANSWER**

21735738.1

Defendants DreamWorks Animation L.L.C. and NBC Universal Digital Solutions LLC (hereinafter collectively referred to as "Defendants"), by and through their counsel of record, hereby answer the unverified Complaint (the "Complaint") filed by Plaintiffs Nigel Broad, Eric Roth, and Shelby Peake ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure ("CCP") Section 431.30(d), Defendants deny, both generally and specifically, each and every material allegation in the Complaint, and specifically deny that Plaintiffs or any putative member of any class action (hereinafter, "putative class members") have been, are, or will be damaged in the amount alleged, or in any manner or sum whatsoever, or is entitled to any recovery or remedy of any type whatsoever, by reason of any of Defendants' acts, conduct, or omissions.

## SEPARATE AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiffs' burden of proof or that of any putative class members, or admitting that Defendants have any burden of proof, or admitting that any of these affirmative defenses are in fact affirmative defenses as to which Defendants bear the burden of proof as opposed to matters on which Plaintiffs and/or any putative class members bear the burden of proof, Defendants assert the following separate affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

1.      The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action brought on behalf of Plaintiffs and/or any putative class members.

## SECOND AFFIRMATIVE DEFENSE

### [No Employment Relationship]

2.      Plaintiffs' and the alleged putative class members' claims are barred because Defendant NBC Universal Digital Solutions LLC was never their employer.

## THIRD AFFIRMATIVE DEFENSE

### [LMRA Preemption]

3.      The claims of Plaintiffs and each putative class member, or some of them, are

2

21735738.1

Mitchell Silberberg & Knupp LLP

preempted in whole or in part by Section 301 of the Labor Management Relations Act and are barred because Plaintiffs' claims arise from or require interpretation of the applicable IATSE collective bargaining agreement.

## FOURTH AFFIRMATIVE DEFENSE

### [Arbitration]

4.     The claims of Plaintiffs and each putative class member, or some of them, are in whole or in part, subject to arbitration agreements signed by Plaintiffs and/or putative class members, and/or agreed to by IATSE and must be arbitrated.

## FIFTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

5.     The claims of Plaintiffs and each putative class member, or some of them, are barred, in whole or in part, by the applicable statutes of limitations, including without limitation, the one-year limitations period contained in CCP Sections 340(a) and (b), the three-year limitations period contained in California Code of Civil Procedure Section 338, and the four-year limitations period contained in California Business and Professions Code Section 17208.

## SIXTH AFFIRMATIVE DEFENSE

### [Estoppel]

6.     The claims of Plaintiffs and each putative class member, or some of them, are barred, in whole or in part, because Plaintiffs and the putative class members are estopped by their own failure to and delay in seeking redress to claim any right to damages or other relief from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### [Laches]

7.     The claims of Plaintiffs and each putative class member, or some of them, are barred, in whole or in part, by the doctrine of laches due to their failure to and delay in seeking redress.

Mitchell
Silberberg &
Knupp LLP

3

**DEFENDANTS' ANSWER**

21735738.1

## EIGHTH AFFIRMATIVE DEFENSE

### [Consent/Ratification]

8.     The claims of Plaintiffs and each putative class member, or some of them, are barred, in whole or in part, by Plaintiffs' and the putative class members' express or implied consent to the conduct of which they complain and/or ratification of that conduct due to their failure to and delay in seeking redress.

## NINTH AFFIRMATIVE DEFENSE

### [Waiver]

9.     The claims of Plaintiffs and each putative class member, or some of them, are barred in whole or in part by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### [Lack of Willfulness or Knowing or Intentional Conduct]

10.     Neither Plaintiffs nor any putative class members are entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages under California Labor Code Sections 201, 201.5, 202, 203, 226, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198, and/or 2802; the Industrial Welfare Commission Wage Orders; and/or penalties alleged in the Complaint.  That is because, at all relevant times, Defendants did not act willfully, knowingly, or intentionally, but rather acted in good faith and had reasonable grounds for believing that they did not violate relevant laws or the specified provisions.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Good Faith]

11.     Neither Plaintiffs nor any putative class members are entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages under California Labor Code Sections 201, 201.5, 202, 203, 226, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198, and/or 2802; the Industrial Welfare Commission Wage Orders; and/or penalties alleged in the Complaint.  That is because, at all relevant times, Defendants acted in good faith and had reasonable grounds for believing that Defendants did not violate relevant laws or the specified provisions.

Mitchell
Silberberg &
Knupp LLP

4

**DEFENDANTS' ANSWER**

21735738.1

## TWELFTH AFFIRMATIVE DEFENSE

### [Compliance or Substantial Compliance with Legal Obligations]

12.    The claims of Plaintiffs and each putative class member, or some of them, are barred, in whole or in part, because Defendants complied or substantially complied with all obligations under the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Unconstitutionality of Penalties or Liquidated Damages]

13.    Plaintiffs and each putative class member are not entitled to recover any penalties or liquidated damages, such as but not limited to, those Plaintiffs and each putative class member seek under or based upon California Labor Code Sections 201, 201.5, 202, 203, 226, 226.3, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198, and/or 2802; the Industrial Welfare Commission Wage Orders or otherwise, and any award of such penalties or damages would, in general or under the facts of Plaintiffs' and the putative class member's particular claims, violate Defendants' constitutional rights under the provisions of the United States and California Constitutions including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clause contained in the California Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Release/Settlement]

14.    Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Plaintiffs and/or the putative class members have released or settled such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Class Requirements Cannot Be Met]

15.    Plaintiffs have failed to and cannot satisfy the requirements for the maintenance of a class, representative, or collective action, including, and without limitation, ascertainability, predominance, typicality, adequacy of representation (of both the proposed class representative

Mitchell
Silberberg &
Knupp LLP

5

**DEFENDANTS' ANSWER**

21735738.1

and proposed class counsel), and superiority, and Defendants further allege that public policy considerations do not favor such a certification.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Lack of Manageability to Proceed as a Class Action]

16. Plaintiffs' and the putative class members' claims are barred because proceeding as a class action would not be manageable as the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and other current or former employees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Meal and Rest Periods Provided]

17. Plaintiffs' and the putative class members' claims for penalties and damages arising out of alleged meal or rest period violations are barred because Defendants provided the opportunity to Plaintiffs and the putative class members to take timely meal and rest periods, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiffs or putative class members voluntarily elect not to use the meal and/or rest period opportunities provided to them.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Apportionment of Responsibility]

18. The alleged damages, injuries, and/or losses suffered by Plaintiffs and the putative class members, if any, proximately resulted from the negligence or conduct of parties, persons, and/or entities other than Defendants, and the liability of Defendants, if any, is as a result altogether barred or limited in direct proportion to the percentage of fault or responsibility actually attributable to Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Incorporation]

19. Defendants join in and incorporates by reference, as though fully set forth herein, each and every affirmative defense asserted by any other defendants in this action to the extent that such defenses apply to Defendants.

Mitchell
Silberberg &
Knupp LLP

6

**DEFENDANTS' ANSWER**

21735738.1

## TWENTIETH AFFIRMATIVE DEFENSE

### [*De Minimis* Doctrine]

20.     Plaintiffs' and the putative class members' claims are barred to the extent the *de minimis* doctrine applies to Plaintiffs' and the putative class members' claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Offset/Setoff]

21.     Defendants are entitled to offset or setoff against any recovery by Plaintiffs and the putative class members for any and all amounts owed to Plaintiffs and the putative class members, any overpayments to Plaintiffs and the putative class members, and/or any damages or harm caused to Defendants by Plaintiffs and the putative class members actions or inactions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Reservation of Rights]

22.     Defendants do not presently know all of the facts and circumstances regarding Plaintiffs and/or the putative class members' claims, particularly as no class action has been certified and the scope of the action, including any proposed class, remains unclear.  Defendants reserve the right to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs and each putative class member take nothing by reason of the Complaint, and that the Complaint, and each cause of action therein, be dismissed with prejudice on the merits;

2.     That judgment be entered in favor of Defendants and against Plaintiffs and, if any class action is allowed to proceed, against each putative class member;

3.     That Defendants be awarded their reasonable attorneys' fees and costs of suit, as provided by law; and

4.     That the Court order such other and further relief in favor of Defendants as the Court deems just and proper.

Mitchell
Silberberg &
Knupp LLP

7

**DEFENDANTS' ANSWER**

21735738.1

DATED: July 21, 2026

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By:  */s/ Nick Baltaxe*
    Seth E. Pierce
    Stephen A. Rossi
    Nick Baltaxe
    Attorneys for DREAMWORKS ANIMATION
    LLC and NBC UNIVERSAL DIGITAL
    SOLUTIONS LLC

Mitchell
Silberberg &
Knupp LLP

8

**DEFENDANTS' ANSWER**

21735738.1

## **PROOF OF SERVICE**

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles , State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP,  2049 Century Park East, 18th Floor, Los Angeles, CA  90067-3120, and my business email address is ldm@msk.com.

On July 21, 2026, I served a copy of the foregoing document(s) described as **DEFENDANTS DREAMWORKS ANIMATION LLC AND NBC UNIVERSAL DIGITAL SOLUTIONS LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Haig B. Kazandjian, Esq.
haig@hbklawyers.com
Cathy Gonzalez, Esq.
cathy@hbklawyers.com
HAIG B. KAZANDJIAN LAWYERS, APC
801 North Brand Boulevard, Suite 1015
Glendale, California 91203
Telephone: 1-818-696-2306
Facsimile: 1-818-696-2307

*Attorneys for Plaintiffs NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES*

☑ **BY ELECTRONIC MAIL VIA  CASE ANYWHERE**:  I caused the above-referenced document to be served electronically on the parties via Case Anywhere at the website www.caseanywhere.com.  To the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 21, 2026, at Los Angeles, California.

　　　　　*/s/ Latoya Mckoy*
　　　　　　　Latoya Mckoy

Mitchell
Silberberg &
Knupp LLP

**PROOF OF SERVICE**

# EXHIBIT 13

BORIS SORSHER (SBN 251718)
bsorsher@fisherphillips.com
KELSEY L. JAVIER (SBN 316738)
kjavier@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
ENTERTAINMENT PARTNERS ENTERPRISES, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| NIGEL BROAD, ERIC ROTH and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES,<br><br>Plaintiffs,<br><br>v.<br><br>DREAMWORKS ANIMATION LLC; NBC UNIVERSAL DIGITAL SOLUTIONS LLC; ENTERTAINMENT PARTNERS ENTERPRISES, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 26STCV12065<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Theresa M. Traber, Dept. 1*<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ENTERTAINMENT PARTNERS ENTERPRISES, LLC**<br><br>Complaint Filed:   April 15, 2026<br>Trial Date:         None Set Yet |

Defendant ENTERTAINMENT PARTNERS ENTERPRISES, LLC ("Defendant") responds to Plaintiffs NIGEL BROAD, ERIC ROTH, and SHELBY PEAKE individually, and on behalf of similarly situated UNION EMPLOYEES' (collectively, "Plaintiffs") Complaint for Damages (the "Complaint") as follows:

**<u>ANSWER</u>**

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiffs' unverified Complaint. Defendant further generally and specifically denies that Plaintiffs incurred damages in any amount whatsoever, and generally and specifically denies that Plaintiffs have suffered any Labor Code

1

violations to any extent.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following separate and additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST AFFIRMATIVE DEFENSE

1. This Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or related to Plaintiffs' employment are subject to Plaintiffs' agreement to submit such disputes to binding individual contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. section 1, *et seq*. Defendant expressly reserves the right to enforce the arbitration agreement at a future date via motion, stipulation, or otherwise.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 338 and 340(a) and Business and Professions Code section 17208.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs are estopped by their conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5. By their conduct, Plaintiffs have waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred by the doctrine of unclean hands.

2
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ENTERTAINMENT PARTNERS
ENTERPRISES, LLC

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiffs' claims are barred under the doctrine of collateral estoppel and res judicata.

## NINTH AFFIRMATIVE DEFENSE

9.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiffs' failure to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs are not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. Moreover, Plaintiffs have waived the right to seek punitive or exemplary damages by failing to request such in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory, disproportionate to any damage or loss incurred as a result of Defendant's conduct, and unconstitutional under Article I, Section VII of the California Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

12.     The acts of the presently-unnamed DOE defendants of which Plaintiffs complain were all undertaken outside the scope of their agency and/or employment with this answering Defendant and without the knowledge or consent of this answering Defendant, and this answering Defendant may not be held liable therefor.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs were paid all wages due on a timely basis as required by the California

Labor Code, including but not limited to sections 201, 202, 203, 204, and 510.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claim for waiting time penalties pursuant to Labor Code section 203 is barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiffs were compensated as required by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' cause of action for a violation of Labor Code section 203 must fail to the extent that no wages were due and owing to Plaintiffs at the times material to their allegations.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Any recovery on Plaintiffs' complaint or any cause of action therein is barred on the ground that to the extent Plaintiffs did work any overtime, such work was unauthorized by Defendant and performed without Defendant's knowledge.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiffs was lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claim pursuant to Labor Code section 226 is barred because Defendant did not knowingly and intentionally fail to comply with Labor Code section 226, or any statute or regulation of similar effect.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs' claim that Plaintiffs are owed unpaid wages, penalties, and other compensation based on Defendant's alleged failure to pay for all hours worked lacks merit to the extent that the work performed by Plaintiffs were not authorized, the work performed by Plaintiffs was without Defendant's knowledge and/or control, and/or Defendant did not suffer or permit Plaintiffs to work, as set forth by applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs' duties

4

fell within one or more of the exemptions contained in the Federal Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Welfare Commission Wage Orders.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs are barred from collecting a meal period premium to the extent that Plaintiffs' meal periods were waived.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs are barred from collecting a meal period premium to the extent that Plaintiffs took an off-duty meal period of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order, and any interruption during said meal periods was "de minimus," as permitted by law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs' claim that Plaintiffs were unlawfully denied a right to meal periods is barred to the extent that Plaintiffs were "provided" a meal period within the meaning of sections 226.7 and 512 of the Labor Code, or as required by Section 11 of the applicable Industrial Welfare Commission Wage Order.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs' claim that Plaintiffs were unlawfully denied a right to rest periods is barred to the extent that Plaintiffs were "authorized and permitted" to take a rest period within the meaning of Sections 226.7 and 512 of the Labor Code, or as required by Section 12 of the applicable Industrial Welfare Commission Wage Order.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred because Plaintiffs have been paid for all wages owed.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiffs' allegations are barred, in whole or in part, to the extent that Plaintiffs failed to comply with their employee obligations and pertinent duties pursuant to California Labor Code section 2857 and 2859.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     Defendant's business practices are not unfair, unlawful, and/or fraudulent within the meaning of California Business and Professions Code sections 17200, *et seq.*

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     Defendant is informed and believes and based on that information and belief alleges that any finding of liability pursuant to California Business and Professions Code sections 17200 *et. seq.* would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague and subjective.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     Plaintiffs' claims are barred by Plaintiffs' failure to exhaust administrative remedies and/or internal grievance procedures, including but not limited to private arbitration.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.     Plaintiffs' damages, if any, were proximately caused by the negligent, reckless, and/or intentional acts of third parties as to whom Defendant had neither the right, nor the duty, nor the opportunity to exercise control and who acted without the knowledge, participation, approval or ratification of Defendant.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     The Class allegations set forth in the Complaint are barred as a matter of law because the named Plaintiffs lack standing, and thus, cannot represent the interests of the putative Class Members as to each purported cause of action therein.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     The allegations set forth by the named Plaintiffs on behalf of Plaintiffs and the alleged Class, the existence of which is expressly denied, involve matters for which individual questions predominate, and therefore, are not appropriate claims for Class treatment pursuant to California *Code of Civil Procedure* section 382.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.     The Class of persons which the named Plaintiffs purports to represent, the existence

of which is expressly denied, is not so numerous that joinder is impracticable, and therefore, fails to meet the prerequisites for Class certification as required by *Code of Civil Procedure* section 382.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Certain interests of the putative Class are in conflict with the interests of all or certain sub-groups of the members of the alleged Class of persons, which the named Plaintiffs purports to represent, the existence of which is expressly denied.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims and those of the putative members of the purported class defined in the Complaint brought pursuant to California *Business and Professions Code* section 17200, et seq. are barred because Plaintiffs and the purported class members have an adequate remedy at law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiffs' class allegations are barred as a matter of law because Plaintiffs cannot satisfy the prerequisites for class certification as required by California Code of Civil Procedure section 382 and current legal standards.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Defendant did not exercise control over Plaintiffs' or members of the putative class's wages, hours or working conditions; did not suffer or permit Plaintiffs or the putative class members to work; did not otherwise control the details of Plaintiffs or members of the putative class's work and/or is not a "successor" entity responsible for any similar actions taken by any other named defendant in this action. Accordingly, Defendant was not Plaintiffs' or members of the putative class's employer for purposes of the claims alleged.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Defendant did not "employ" Plaintiffs or members of the putative class for purposes of the Labor Code and/or the applicable California Industrial Welfare Commission Wage Order(s), and therefore was not responsible for any alleged violation of the *Labor Code* identified in the Complaint.

Defendant expressly reserves the right to amend their answer and to assert additional affirmative defenses, and to supplement, alter or change their answer and affirmative defenses upon

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ENTERTAINMENT PARTNERS ENTERPRISES, LLC

revelation of more definitive facts by Plaintiffs and upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, this answering Defendant prays as follows:

1.     That Plaintiffs take nothing by their Complaint;

2.     That Plaintiffs' Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action, as permitted by law and/or other applicable statutes; and

4.     That the court award such other and further relief as it deems appropriate.

Dated: July 22, 2026                                      FISHER & PHILLIPS LLP


By: _____
       BORIS SORSHER
       KELSEY L. JAVIER
       Attorneys for Defendant
       ENTERTAINMENT PARTNERS ENTERPRISES,
       LLC

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ENTERTAINMENT PARTNERS ENTERPRISES, LLC

# PROOF OF SERVICE
## (Code Civ. Proc., §§ 1013, 1013a, 2015.5.)

I, the undersigned, am over the age of 18 years and not a party to this action. I am employed in the County of Orange with the law offices of Fisher & Phillips LLP and its business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the date below, I served the following document(s) **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ENTERTAINMENT PARTNERS ENTERPRISES, LLC** on the person(s) listed below as follows:

| | |
|---|---|
| Haig B. Kazandjian<br>Cathy Gonzalez<br>HAIG B. KAZANDJIAN LAWYERS, APC<br>801 North Brand Boulevard, Suite 1015<br>Glendale, California 91203<br>Telephone: 1-818-696-2306<br>Facsimile: 1-818-696-2307 | *Attorneys for Plaintiffs,*<br>***NIGEL BROAD, ERIC ROTH and***<br>***SHELBY PEAKE***<br><br>E-mail:<br>haig@hbklawyers.com;<br>cathy@hbklawyers.com;<br>michaela@hbklawyers.com;<br>ryan@hbklawyers.com |
| Seth E. Pierce<br>Stephen A. Rossi<br>Nick Baltaxe<br>MITCHELL SILBERBERG & KNUPP LLP<br>2049 Century Park East, 18th Floor<br>Los Angeles, CA  90067-3120<br>Telephone: (310) 312-2000<br>Facsimile: (310) 312-3100 | *Attorneys for Defendants,*<br>***DREAMWORKS ANIMATION LLC, and***<br>***NBC UNIVERSAL DIGITAL***<br>***SOLUTIONS LLC***<br><br>E-mail:<br>sep@msk.com;<br>sar@msk.com;<br>ngb@msk.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California, in a sealed envelope with postage fully prepaid.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 22, 2026, at Irvine, California.

_____
JODY MCLAIN